UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIO J. SEGRETI,**<br>5113 Western Avenue, NW<br>Washington, DC 20016<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>**A. MARK CHRISTOPHER,**<br>4155 Chain Bridge Road<br>Fairfax, VA 22030,<br><br>and<br><br>**HERGE, SPARKS & CHRISTOPHER, LLP,**<br>6862 Elm Street, Suite 360<br>McLean, Virginia 22101,<br><br>SERVE: Robert R. Sparks, Partner<br>6862 Elm Street, Suite 360<br>McLean, Virginia 22101, and<br><br>SERVE: A. Mark Christopher, Partner<br>4155 Chain Bridge Road<br>Fairfax, VA 22030, and<br><br>SERVE: J. Curtis Herge, Partner<br>4976 Championship Cup Lane<br>Brooksville, Florida 34609-0355,<br><br>and<br><br>**VAUGHN, FINCHER & SOTELO, PC**,<br>8619 Westwood Center Drive, Suite 400<br>Vienna, Virginia 22182,<br><br>SERVE: Patrick J. Vaughan, Registered Agent,<br>1518 Windstone Drive<br>Vienna, Virginia 22101,<br><br>　　　　　Defendants. | CIVIL ACTION NO. _____ |

## COMPLAINT

NOW COMES Plaintiff Mario J. Segreti, by and through his counsel, Mark G. Griffin, Esq., Ashley E. Wiggins, Esq., and J. Gordon Forester, Jr., Esq., and sues the Defendants A. Mark Christopher, Esq., Herge, Sparks, & Christopher, LLP, and Vaughan, Fincher, & Sotelo, P.C., and in support thereof, Plaintiff states as follows:

## JURISDICTION & VENUE

1. This action relates to injuries to Plaintiff resulting from legal services provided to and/or for the direct benefit of the Plaintiff by the Defendants.

2. This Court has jurisdiction over the subject matter because there is complete diversity of citizenship between the Plaintiff and all Defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. The Plaintiff resides in the District of Columbia.

3. Venue is also proper in this Court because all parties are subject to personal jurisdiction in the District of Columbia and because the acts and omissions giving rise to the claims asserted herein occurred in the District of Columbia.

## PARTIES

4. Plaintiff is an individual domiciled in the District of Columbia at 5113 Western Avenue, NW, Washington, DC 20016.

5. Defendant A. Mark Christopher is an attorney licensed to practice law in the Commonwealth of Virginia and not in the District of Columbia.

6. Defendant Herge, Sparks, & Christopher, LLP, was a Virginia limited liability partnership law firm, with a principle place of business at 6862 Elm Street, Suite 360, McLean, Virginia 22101.

7. Defendant Vaughan, Fincher, & Sotelo, P.C., is a Virginia professional corporation law firm with an office at 8619 Westwood Center Drive, Suite 400 Vienna, Virginia 22182 and another in Leesburg, Virginia.

## OPERATIVE FACTS

8. Defendant Christopher was an associate and later a partner of Defendant Herge, Sparks and Christopher, LLP, until late 2004.

9. Defendant Christopher was a partner at Defendant Vaughan, Fincher & Sotelo, P.C., from on or about January 1, 2005 through at least August 31, 2005.

10. At no time relevant to the claims of Plaintiff was Defendant Christopher licensed to practice law in the District of Columbia.

11. Throughout the 1990's until her death on March 24, 2004, Defendant Christopher prepared Marguerite Corsetti's annual tax returns.

12. At all times relevant to the claims contained herein, Marguerite Corsetti was domiciled and resided at 5113 Western Avenue NW, Washington, DC 20016.

13. Plaintiff is the grandson of Mrs. Corsetti who resided with her from in or about 1990 until her death.

14. In or about the early 1990's, Plaintiff and Mrs Corsetti jointly sought legal assistance from Defendant Christopher to effectuate a transfer of title of the Property from Mrs. Corsetti to the Plaintiff either by gift or at a discounted price.

15. Defendant Christopher advised Plaintiff and Mrs. Corsetti that by transferring title of the Property to Plaintiff through her estate at her death rather than an immediate transfer, Plaintiff would receive a more favorable tax treatment, e.g., a stepped-up basis in the Property.

16. Both Plaintiff and Mrs. Corsetti were the client of Defendant Christopher related to the transfer of title of the Property.

17. Plaintiff remitted payment to Defendant Herge, Sparks & Christopher, LLP, for the legal services and advice of Defendant Christopher related to the transfer of title of the Property to Plaintiff.

18. Defendant Herge, Sparks & Christopher, LLP, accepted payment from the Plaintiff for the legal services and advice of Defendant Christopher related to the transfer of title of the Property to Plaintiff.

19. Relying upon the advice of Defendant Christopher, Plaintiff and Mrs. Corsetti decided to effectuate the transfer of title to the Property upon Mrs. Corsetti's death.

20. At no time did Defendant Christopher advise Plaintiff that, unlike an immediate transfer of title to the Property to Plaintiff, transferring title of the Property to Plaintiff through testamentary devise would not be binding on Mrs. Corsetti without a written contract to make a will.

21. In 1997, Defendant Christopher prepared and participated in the execution of estate planning documents for Mrs. Corsetti, including, *inter alia*, a will ("1997 Will") and a revocable trust ("1997 Trust") (collectively referred to as the "1997 Estate Documents").

22. Both the 1997 Will and Trust devised the Property outright to the Plaintiff at Mrs. Corsetti's death.

23. In late February 2004, Mrs. Corsetti was diagnosed with terminal cancer.

24. On or about February 27, 2004, Defendant Christopher met with Mrs. Corsetti at

her home in the District of Columbia about revising the 1997 Estate Documents.

25. Following this meeting and at the instruction of Defendant Christopher, a new will and an amended and restated revocable trust agreement ("2004 Estate Documents") were prepared by J. Curtis Herge, Esq., of Defendant Herge, Sparks, & Christopher, LLP.

26. On March 2, 2004, Defendant Christopher met with Mrs. Corsetti in the District of Columbia and participated in the execution of the 2004 Estate Documents.

27. The 2004 Estate Documents devised the Property to others and omitted the Plaintiff entirely.

28. Defendant Christopher did not advise or consult with the Plaintiff about Mrs. Corsetti's revised estate plan.

29. Defendant Christopher did not seek the consent of Plaintiff to represent Mrs. Corsetti in preparation and execution of the 2004 Estate Documents.

30. Mrs. Corsetti passed away on March 24, 2004.

31. Following Mrs. Corsetti's death, Defendant Christopher represented the Trustees of her Trust ("Trustees") in their effort to remove Plaintiff from the Property.

32. In or about July 2004, Defendant Christopher agreed to be an expert witness for the Trustees in a civil matter against the Plaintiff related to the Property ("Civil Matter").

33. In or about July and August 2004, Defendant Christopher testified on behalf of the Trustees at a preliminary injunction hearing against the Plaintiff in the Civil Matter.

34. In or about August 2005, Defendant Christopher was deposed by Plaintiff in a

probate matter challenging the validity of the 2004 Estate Documents.

35. During this deposition, Defendant Christopher and counsel for the Trustees represented that Defendant Christopher remained as an expert witness in the Civil Matter for the Trustees and he was further retained as an expert witness for the Trustees in the probate matter.

36. Defendant Christopher's representations of Mrs. Corsetti in consulting and participating in the execution of the 2004 Estate Documents, representation of the Trustees in their efforts to remove Plaintiff from the Property, and retention and actions as an expert witness in litigation against the Plaintiff were substantially related to the matter which Defendant Christopher previously counseled and advised Mrs. Corsetti and Plaintiff.

37. Defendant Christopher's representation of Mrs. Corsetti in consulting and participating in the execution of the 2004 Estate Documents, representation of the Trustees in their efforts to remove Plaintiff from the Property, and retention and actions as an expert witness in litigation against the Plaintiff were materially adverse to the interests of the Plaintiff related to Defendant Christopher's and Defendant Herge, Sparks, and Christopher, LLP's, prior representation of Plaintiff.

38. In the event, Plaintiff is not found to have been a client of Defendant Christopher, and Defendant Herge, Sparks, and Christopher, LLP, Plaintiff was the intended third-party beneficiary of Defendant Christopher's and Defendant Herge, Sparks, and Christopher, LLP's, representation of Mrs. Corsetti related to the transfer of title of the Property to Plaintiff.

39. Defendant Christopher actions complained of herein constitute the unauthorized practice of law in the District of Columbia.

## COUNT I

40. The allegations contained in Paragraph 1 - 39 are fully incorporated herein.

41. Plaintiff was a client of Defendant Christopher and Defendant Herge, Sparks and Christopher, LLP.

42. Defendant Christopher was a partner at Defendant Vaughan, Fincher, and Sotelo, P.C. while he was retained by the Trustees as an expert witness in litigation adverse to the Plaintiff.

43. Defendants owe a duty to the Plaintiff to use such skill, prudence and diligence as other members of the legal profession commonly possess and exercise.

44. Defendants breached this duty.

45. Defendants were grossly negligent in that their actions were willful and wanton and in total disregard for the rights of the Plaintiff and the duties they owed to him.

46. The negligent conduct of the Defendants is the direct and proximate cause of Plaintiff's injuries.

47. The Plaintiff has suffered actual loss and damage as a result of Defendants' professional negligence.

## COUNT II

48. The allegations contained in Paragraph 1 - 47 are fully incorporated herein.

49. Plaintiff was the third party beneficiary of the legal representation of Mrs. Corsetti by Defendant Christopher and Defendant Herge, Sparks and Christopher,

LLP.

50. The attorney-client relationship between Mrs. Corsetti and Defendant Christopher and Defendant Herge, Sparks and Christopher, LLP, related to the transfer of title of the Property to the Plaintiff was solely for the benefit of the Plaintiff.

51. Defendant Christopher was a partner at Defendant Vaughan, Fincher, and Sotelo, P.C. while he was retained by the Trustees as an expert witness in litigation adverse to the Plaintiff.

52. Defendants owe a duty to the Plaintiff to use such skill, prudence and diligence as other members of the legal profession commonly possess and exercise.

53. Defendants breached this duty.

54. Defendants were grossly negligent in that their actions were willful and wanton and in total disregard for the rights of the Plaintiff and the duties they owed to him.

55. The negligent conduct of the Defendants is the direct and proximate cause of Plaintiff's injuries.

56. The Plaintiff has suffered actual loss and damage as a result of Defendants' professional negligence.

WHEREFORE, the Plaintiff prays that this Court enter judgment against the Defendants, jointly and severally, and award the Plaintiff:

a. $1,500,000.00 in actual damages;

b. $1,000,000.00 in punitive damages; and

c. Any other such relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

Ashley E. Wiggins, D.C. Bar No. 481557
Mark G. Griffin, D.C. Bar No. 198978
Griffin & Murphy, LLP
1912 Sunderland Place NW
Washington, DC 20036
(202) 429-9000
*Co-Counsel for the Plaintiff*

J. Gordon Forester, Jr., D.C. Bar No. 4474
Law Offices of J. Gordon Forester, Jr.
1912 Sunderland Place NW
Washington, DC 20036
(202) 293-3353
*Co-Counsel for the Plaintiff*

**JURY DEMAND**

Plaintiff requests a trial by jury as to all claims herein which are triable by jury.

Ashley E. Wiggins

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

Mario J. Segreti

**DEFENDANTS**

A. Mark Christopher; Herge, Sparks, & Christopher, LLP; and Vaughan, Fincher, & Sotelo, P.C.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  **11001**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Ashley E. Wiggins
Mark G. Griffin
Griffin & Murphy, LLP
1912 Sunderland Place NW
Washington, DC 20036

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ● 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**● B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)** OR **○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. Sec. 1332 - This is a legal malpractice and negligence claim.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 2/9/07   SIGNATURE OF ATTORNEY OF RECORD  _/s/_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.