UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIO J. SEGRETI,**<br>5113 Western Avenue, NW<br>Washington, DC 20016<br><br>            Plaintiff,<br><br>    vs.<br><br>**A. MARK CHRISTOPHER,**<br>4155 Chain Bridge Road<br>Fairfax, VA 22030,<br><br>and<br><br>**J. CURTIS HERGE,**<br>4976 Championship Cup Lane<br>Brooksville, Florida 34609-0355,<br><br>and<br><br>**HERGE, SPARKS & CHRISTOPHER, LLP**,<br>6862 Elm Street, Suite 360<br>McLean, Virginia 22101,<br><br>SERVE: Robert R. Sparks, Partner<br>6862 Elm Street, Suite 360<br>McLean, Virginia 22101, and<br><br>SERVE: A. Mark Christopher, Partner<br>4155 Chain Bridge Road<br>Fairfax, VA 22030, and<br><br>SERVE: J. Curtis Herge, Partner<br>4976 Championship Cup Lane<br>Brooksville, Florida 34609-0355,<br><br>and<br><br>**VAUGHAN, FINCHER & SOTELO, PC**,<br>8619 Westwood Center Drive, Suite 400<br>Vienna, Virginia 22182, | )<br>)<br>)<br>) CASE NO. <u>1:07-cv-00287-RBW</u><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

SERVE: Patrick J. Vaughan, Registered Agent,  )
1518 Windstone Drive                          )
Vienna, Virginia 22101,                       )
                                              )
       Defendants.                          )

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff Mario J. Segreti, by and through his counsel, Mark G. Griffin, Ashley E. Wiggins, and J. Gordon Forester, Jr., and files this First Amended Complaint against the Defendants A. Mark Christopher, J. Curtis Herge, Herge, Sparks, & Christopher, LLP, and Vaughan, Fincher, & Sotelo, P.C., and in support thereof, Plaintiff states as follows:

### JURISDICTION & VENUE

1. This action relates to injuries to Plaintiff resulting from legal services provided to and/or for the direct benefit of the Plaintiff by the defendants.

2. This Court has jurisdiction over the subject matter because there is complete diversity of citizenship between the Plaintiff and all Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Venue is also proper in this Court because all parties are subject to personal jurisdiction in the District of Columbia and because the acts and omissions giving rise to the claims asserted herein occurred in the District of Columbia.

### PARTIES

4. Plaintiff is an individual resident, citizen, and domiciliary of the District of Columbia residing at 5113 Western Avenue, NW, Washington, DC 20016.

5. Defendant A. Mark Christopher is an attorney licensed to practice law only in the Commonwealth of Virginia and who maintains offices located only in the Commonwealth of Virginia. Defendant Christopher is neither licensed to practice

law nor maintains offices in the District of Columbia.

6. Defendant A. Mark Christopher is a domiciliary, resident, and citizen of the Commonwealth of Virginia residing in McLean, Virginia.

7. Defendant J. Curtis Herge is a domiciliary, resident, and citizen of the State of Florida residing in Brooksville, Florida.

8. Defendant Herge, Sparks, & Christopher, LLP, was a Virginia limited liability partnership law firm, with its principal place of business at 6862 Elm Street, Suite 360, McLean, Virginia 22101.

9. Defendant Vaughan, Fincher, & Sotelo, P.C., is a Virginia professional corporation law firm with its principal place of business located at 8619 Westwood Center Drive, Suite 400 Vienna, Virginia 22182.

## OPERATIVE FACTS

10. Defendant Christopher was an associate and later a partner of Defendant Herge, Sparks and Christopher, LLP, until late 2004.

11. Defendant Christopher was a partner at Defendant Vaughan, Fincher & Sotelo, P.C., from on or about January 1, 2005 through at least August 31, 2005.

12. At no time relevant to the claims of Plaintiff was Defendant Christopher licensed to practice law in the District of Columbia.

13. Throughout the 1990's until her death on March 24, 2004, Defendant Christopher prepared Marguerite Corsetti's annual tax returns.

14. At all times relevant to the claims contained herein, Marguerite Corsetti was domiciled and resided at 5113 Western Avenue NW, Washington, DC 20016 (the "Property").

15. Plaintiff is the grandson of Mrs. Corsetti who resided with her at the Property from in or about 1990 until her death.

16. In the early 1990's, Plaintiff and Mrs Corsetti jointly sought legal assistance from Defendant Christopher to effectuate an inter vivos transfer of title of the Property from Mrs. Corsetti to the Plaintiff either by gift or at a discounted price.

17. Defendant Christopher advised Plaintiff and Mrs. Corsetti not to make the proposed transfer during the lifetime of Mrs. Corsetti, but rather to arrange for the transfer to take place through Mrs. Corsetti's estate. Defendant Christopher counseled Plaintiff and Mrs. Corsetti that by transferring title of the Property to Plaintiff through her estate rather than by an immediate transfer, Plaintiff would receive a more favorable tax treatment upon her death, e.g., a stepped-up cost basis in the Property.

18. Both Plaintiff and Mrs. Corsetti were clients of Defendant Christopher related to the transfer of title of the Property to Plaintiff.

19. Plaintiff made the payments to Defendant Herge, Sparks & Christopher, LLP, for the said legal services and advice of Defendant Christopher.

20. Defendant Herge, Sparks & Christopher, LLP, accepted payment from the Plaintiff for the said legal services and advice of Defendant Christopher.

21. Relying upon the advice of Defendant Christopher, Plaintiff and Mrs. Corsetti decided to effectuate the transfer of title to the Property through Mrs. Corsetti's estate upon her death.

22. At no time did Defendant Christopher advise Plaintiff that, unlike an immediate transfer of title to the Property to Plaintiff, transferring title of the Property to

Plaintiff through testamentary devise would not be binding on Mrs. Corsetti without a written contract to make a will.

23. In 1997, Defendant Christopher prepared and participated in the execution of estate planning documents for Mrs. Corsetti, including, *inter alia*, a will ("1997 Will") and a revocable trust ("1997 Trust") (collectively referred to as the "1997 Estate Documents").

24. Both the 1997 Will and Trust devised the Property outright to the Plaintiff at Mrs. Corsetti's death.

25. In late February 2004 while hospitalized, Mrs. Corsetti was diagnosed with terminal cancer.

26. On or about Friday, February 27, 2004, Defendant Christopher met with Mrs. Corsetti at her home in the District of Columbia about revising the 1997 Estate Documents.

27. Following this meeting and at the instruction of Defendant Christopher, a new Will and an Amended and Restated Revocable Trust Agreement ("2004 Estate Documents") were prepared by Defendant J. Curtis Herge, Esq., a partner of Defendant Herge, Sparks, & Christopher, LLP.

28. Four days after the initial consultation about revising her estate documents, on Tuesday, March 2, 2004, Defendant Christopher again met with Mrs. Corsetti in the District of Columbia and participated in and procured the execution of the 2004 Estate Documents.

29. The 2004 Estate Documents devised the Property to others, omitting the Plaintiff entirely.

30. Neither Defendant Christopher nor Defendant Herge advised or consulted with the Plaintiff about Mrs. Corsetti's revised estate plan.

31. Neither Defendant Christopher nor Defendant Herge sought the consent of Plaintiff to represent Mrs. Corsetti in preparation and execution of the 2004 Estate Documents.

32. Defendant Christopher deliberately chose not to advise, consult with, or seek the consent of Plaintiff to represent Mrs. Corsetti in preparation and execution of the 2004 Estate Documents.

33. Mrs. Corsetti died on March 24, 2004.

34. Following Mrs. Corsetti's death, Defendant Christopher represented the Trustees of her Trust ("Trustees") in their effort to remove Plaintiff from the Property.

35. In or about July 2004, Defendant Christopher agreed to be an expert witness for the Trustees against the Plaintiff in a civil matter in the District of Columbia Superior Court, Civil Division, related to, *inter alia*, removing Plaintiff from the Property ("Civil Matter").

36. In or about July and August 2004, Defendant Christopher testified as an expert witness on behalf of the Trustees at a preliminary injunction hearing against the Plaintiff in the Civil Matter.

37. In or about August 2005, Defendant Christopher was deposed by Plaintiff's counsel in a probate matter in the District of Columbia Superior Court, Probate Division, challenging the validity of the 2004 Estate Documents ("Probate Matter").

38. During this deposition, Defendant Christopher and counsel for the Trustees

represented that Defendant Christopher remained as an expert witness in the Civil Matter for the Trustees and he was further retained as an expert witness for the Trustees in the Probate Matter.

39. Defendant Christopher's and Defendant Herge's representations of Mrs. Corsetti in consultation for, preparation of, and participation in the execution of the 2004 Estate Documents, Defendant Christopher's representation of the Trustees in their efforts to remove Plaintiff from the Property, and Defendant Christopher's retention and actions as an expert witness in litigation against the Plaintiff were substantially related to the matter which Defendant Christopher previously counseled and advised Mrs. Corsetti and Plaintiff.

40. Defendant Christopher's and Defendant Herge's representations of Mrs. Corsetti in consultation for, preparation of, and participation in the execution of the 2004 Estate Documents, Defendant Christopher's representation of the Trustees in their efforts to remove Plaintiff from the Property, and Defendant Christopher's retention and actions as an expert witness in litigation against the Plaintiff were materially adverse to the interests of the Plaintiff related to Defendant Christopher's and Defendant Herge, Sparks, and Christopher, LLP's, prior representation of Plaintiff.

41. Should Plaintiff not be found to have been a client of Defendant Christopher, and Defendant Herge, Sparks, and Christopher, LLP, Plaintiff was the intended third-party beneficiary of Defendant Christopher's and Defendant Herge, Sparks, and Christopher, LLP's, representation of Mrs. Corsetti related to the transfer of title of the Property to Plaintiff.

42. Defendant Christopher actions complained of herein constitute the unauthorized practice of law in the District of Columbia.

## COUNT I

43. The allegations contained in Paragraph 1 - 42 are fully incorporated herein.

44. Plaintiff was a client of Defendant Christopher and Defendant Herge, Sparks and Christopher, LLP.

45. Defendant Christopher was a partner at Defendant Vaughan, Fincher, and Sotelo, P.C. while he was retained by the Trustees as an expert witness in litigation adverse to the Plaintiff.

46. Defendants owe a duty to the Plaintiff to use such skill, prudence and diligence as other members of the legal profession commonly possess and exercise.

47. Defendants breached this duty.

48. Defendants were grossly negligent in that their actions were willful and wanton and in total disregard for the rights of the Plaintiff and the duties they owed to him.

49. The negligent conduct of the Defendants is the direct and proximate cause of Plaintiff's injuries.

50. The Plaintiff has suffered actual loss and damage as a result of Defendants' professional negligence.

## COUNT II

51. The allegations contained in Paragraph 1 - 50 are fully incorporated herein.

52. Plaintiff was the third party beneficiary of the legal representation of Mrs. Corsetti by Defendant Christopher and Defendant Herge, Sparks and Christopher,

LLP.

53. The attorney-client relationship between Mrs. Corsetti and Defendant Christopher and Defendant Herge, Sparks and Christopher, LLP, related to the transfer of title of the Property to the Plaintiff and was solely for the benefit of the Plaintiff.

54. Defendant Christopher was a partner at Defendant Vaughan, Fincher, and Sotelo, P.C. while he was retained by the Trustees as an expert witness in litigation adverse to the Plaintiff.

55. Defendants owe a duty to the Plaintiff to use such skill, prudence and diligence as other members of the legal profession commonly possess and exercise.

56. Defendants breached this duty.

57. Defendants were grossly negligent in that their actions were willful and wanton and in total disregard for the rights of the Plaintiff and the duties they owed to him.

58. The negligent conduct of the Defendants is the direct and proximate cause of Plaintiff's injuries.

59. The Plaintiff has suffered actual loss and damage as a result of Defendants' professional negligence.

WHEREFORE, the Plaintiff, Mario J. Segreti, prays that this Court enter judgment against the Defendants, jointly and severally, and award him:

a. $1,500,000.00 in actual damages;

b. $1,000,000.00 in punitive damages; and

c. Any such further and other relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

_____
Ashley E. Wiggins, D.C. Bar No. 481557
Mark G. Griffin, D.C. Bar No. 198978
Griffin & Murphy, LLP
1912 Sunderland Place NW
Washington, DC 20036
(202) 429-9000
*Co-Counsel for the Plaintiff*


_____
J. Gordon Forester, Jr., D.C. Bar No. 4474
Law Offices of J. Gordon Forester, Jr.
1912 Sunderland Place NW
Washington, DC 20036
(202) 293-3353
*Co-Counsel for the Plaintiff*

**JURY DEMAND**

Plaintiff requests a trial by jury as to all claims herein which are triable by jury.

_____
Ashley E. Wiggins