UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIO J. SEGRETI,** ) | |
|     Plaintiff, ) CASE NO. <u>1:07-cv-00287-RBW</u> | |
| ) | |
| vs. ) | |
| ) | |
| **A. MARK CHRISTOPHER, et al.** ) | |
|     Defendant. ) | |

_____

**<u>OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT</u>**

Plaintiff Mario J. Segreti ("Mr. Segreti"), by and through his counsel, hereby opposes Defendants' Motion to Dismiss Amended Complaint, and states as follows:

**I.     INTRODUCTION**

In their Motion to Dismiss, Defendants claim that Mr. Segreti's cannot maintain his claims against them because he is collaterally estopped from doing so.  Defendants base this premise on their assertion that the "fundamental problem" with Mr. Segreti's legal malpractice lawsuit against the Defendants is that his claims are based on the factual allegation that he had an agreement with his grandmother, Mrs. Corsetti, to transfer real property located at 5113 Western Avenue, NW, Washington, DC ("Property") to Mr. Segreti and that the existence of such an agreement was fully litigated by Mr. Segreti in D.C. Superior Court - Probate Division in Mario J. Segreti v. Luke DeIuliis, Admin. No. 652-04 ("Probate Matter").  Defendants further opine that since the Probate Matter was decided adversely to Mr. Segreti, Mr. Segreti is now collaterally estopped from asserting that there was ever *any* agreement between him and Mrs. Corsetti. Defendant's position is not correct.  While the factual allegations of Mr. Segreti's claims against Defendants are based on Mrs. Corsetti willingness and agreement to transfer title of the Property to him when they first sought Defendant Christopher's assistance,  Mr. Segreti claims herein

were not litigated in the Probate Matter.  Therefore, he is not collaterally estopped from litigating his claims in his amended complaint against the Defendants.

The key to whether an issue is collaterally estopped in subsequent litigation is whether the issues in the prior litigation are substantially similar to the issues in the present case.  The issues in these two cases are clearly not substantially similar.  The narrow issue decided in the Probate Matter and the issues before this Court are as distinguishable as apples and oranges.  The issue in the Probate matter was simply whether Mr. Segreti entered into an oral or written contract with Mrs. Corsetti to make a will.  The issues before this Court are completely separate and distinct from those in the Probate Matter and not based upon whether there was a contract to make a will.  While the existence of a binding contract to make a will was a material issue in the Probate matter, it is not in this matter, just as the issues in this matter had no bearing on the Probate Matter and therefore were not litigated therein.

The Court in the Probate Matter decided only that Mr. Segreti and Mrs. Corsetti "did not have an oral or written contract to will the real property located on 5113 Western Avenue, NW., Washington, DC."  Defendants would have this Court believe that whether a contract to make a will existed or not is dispositive of this matter.  The fact that such a contract did not exist as found thus far by the Probate court is immaterial in this subsequent malpractice action because the Plaintiff here contends that any failure to enter such a binding agreement is proximately caused by Christopher's negligence.  See Affidavit of Mario Segreti, Paragraph 7.  However, Mr. Segreti's claims are based on the facts that Mrs. Corsetti agreed and was willing to transfer title of the Property  to Mr. Segreti either by gift or discounted price in the early 1990's and that Defendant Christopher derailed this plan when he advised them to wait until the death of Mrs. Corsetti to pass the Property to Mr. Segreti and that Defendant Christopher did not properly

advise Mr. Segreti of the risks associated with such a plan. But for this advice and Defendant Christopher's failure to properly advise Mr. Segreti, the Property would have been transferred to Mr. Segreti in the early 1990's and no agreement or contract to will would have been needed to effectuate the transfer upon Mrs. Corsetti's death. Alternatively, had he been properly advised, Mr. Segreti would have protected himself against Mrs. Corsetti's ability to change her mind about a transfer by testamentary devise by obtaining a binding contract to make a will.

## II.   FACTS

### A.   FACTUAL ALLEGATIONS IN THE COMPLAINT

The factual allegations in the amended complaint relevant to Defendants' claim of collateral estoppel are:

1) In the early 1990's, Plaintiff and Mrs Corsetti jointly sought legal assistance from Defendant Christopher to effectuate an inter vivos transfer of title of the Property from Mrs. Corsetti to the Plaintiff either by gift or at a discounted price. Amended Complaint, ¶ 16.

2) Defendant Christopher advised Plaintiff and Mrs. Corsetti not to make the proposed transfer during the lifetime of Mrs. Corsetti, but rather to arrange for the transfer to take place through Mrs. Corsetti's estate. Defendant Christopher counseled Plaintiff and Mrs. Corsetti that by transferring title of the Property to Plaintiff through her estate rather than by an immediate transfer, Plaintiff would receive a more favorable tax treatment upon her death, e.g., a stepped-up cost basis in the Property. Amended Complaint, ¶ 17.

3) Both Plaintiff and Mrs. Corsetti were clients of Defendant Christopher related to the transfer of title of the Property to Plaintiff. Amended Complaint, ¶ 18.

4) Relying upon the advice of Defendant Christopher, Plaintiff and Mrs. Corsetti decided to effectuate the transfer of title to the Property through Mrs. Corsetti's estate upon her death.

Amended Complaint, ¶ 21

    5) At no time did Defendant Christopher advise Plaintiff that, unlike an immediate transfer of title to the Property to Plaintiff, transferring title of the Property to Plaintiff through testamentary devise would not be binding on Mrs. Corsetti without a written contract to make a will.  Amended Complaint, ¶ 22.

    **B.    JUDGMENT IN THE PROBATE MATTER**

    Judge Lopez's Memorandum Order, as it relates to this matter, was limited to the issue of "whether Mrs. Corsetti had an oral/written contract with Mario J. Segreti to make a will leaving him her house."  See Memorandum Opinion, Opening Paragraph, Page 1.  Judge Lopez entered a judgment that Mr. Segreti and Mrs. Corsetti "did not have an oral or written contract to will the real property located on 5113 Western Avenue, NW., Washington, DC."  The judgment is the Probate Matter was not a judgment on the issues complained of in this matter.

**III.    ARGUMENT**

    **A.  Legal Standard for Fed. R. Civ. Proc. 12(b)(6)**

    When adjudicating a motion to dismiss pursuant to Rule 12(b)(6), a district court "must view all of the allegations and facts in the complaint in the light most favorable to the plaintiff[ ], and it must grant the Plaintiff[ ] the benefit of all inferences that can be derived from those facts.  Rogers v. Johnson-Norman, 466 F.Supp.2d 162 (D.D.C. 2006)(citing Lindsey v. United States, 448 F.Supp.2d 37, 44 (D.D.C. 2006).  A complaint must be dismissed for failure to state a claim when it is clear that no relief could be granted under any set of facts that could be proved consistent with the complaint's allegations.  *Id.*

    **B.    Mr. Segreti's Claims Are Not Barred By Collateral Estoppel Because The**

**Issues In This Matter Were Not Litigated In The Probate Matter.**

Mr. Segreti brought this case in this Court based on diversity jurisdiction. In a diversity action in federal court, the Court must apply state substantive law. Bryson v. Gere, 268 F. Supp.2d 46, 54 (D.D.C. 2003)(citing Erie Ry. Co. v. Tompkins, 304 U.S. 64, 58 S.ct. 817, 82 L.ed. 1188 (1938). Whether collateral estoppel is procedural or substantive law is unclear and may be considered either procedural of substantive depending upon its effect in each case. Id. citing Guarantee Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed 2079 (1945). However, the Court need not address this issue here because the District of Columbia law of collateral estoppel is substantially similar to the rules of federal courts and there whether collateral estoppel is procedural or substantive would not affect its application. Id.

In their Motion citing Pharmaceutical Care Management Ass'n v. District of Columbia, 2007 WL 666319 (D.D.C. 2007), Defendants applied the federal standard that collateral estoppel precludes a party from litigating if: 1) the same issue was contested by the parties and submitted for judicial determination n a prior case; 2) the issue was actually and necessarily determined by a court of competent jurisdiction in a prior case; and 3) preclusion in the second case would not work a basic unfairness on the party bound by the decision in the first case. The standard under District of Columbia law is that collateral estoppel precludes relitigation of an (1) identical issue (2) that was fairly and fully litigated and (3) determined by a valid judgment on the merits (4) in which the issue was essential. Bryson v. Gere, 268 F. Supp.2d 46 at 57. However, as discussed above, the standards are substantially similar.

The burden of showing that a party is collaterally estopped from litigating an issue is on the party claiming collateral estoppel. Connors v. Tanoma Mining Company, Inc., 953 F.2d 682, 684 (C.A.D.C 1992). Defendants have the clear burden of showing that Mr. Segreti is collaterally

estopped from litigating the issues in this matter.  If it is uncertain whether the issue was actually and necessarily decided in the prior litigation, then relitigation of the issue is not precluded.  <u>Id</u>.

### 1. The Issues Necessary for Mr. Segreti to Prove His Case Against Defendants Are Not Identical Or Even Similar Issues.

Collateral estoppel is applicable when the issues are sufficiently similar and material to justify imposition of the doctrine.  <u>Bryson v. Gere</u>, 268 F. Supp.2d 46 at 57 ("The most difficult question in this analysis is whether the issues which are now asserted by plaintiffs are substantially similar to those issues which were adjudicated and decided in the prior matter.") The issues asserted by Mr. Segreti in this matter are not substantially similar to those of the Probate Matter.

To determine whether the issues are identical to issues already adjudicated, the Court must "look beyond the labels of the claims [...] and examine the single, certain, material [points] arising our of the allegations and contentions of the parties." <u>Rogers v. Johnson-Norman</u>, 466 F.Supp.2d 162, 169 (D.D.C. 2006)(citing <u>Bryson v. Gere</u>, 268 F.Supp. at 57).  Where the basic facts underlying the new claims are indistinguishable from the facts at issue in the prior adjudication[s], the new claims are properly precluded.  <u>Id</u>.  Mr. Segreti's claims against Defendants Christopher, et al., are separate and distinct from the issues in the Probate matter[1].

---

[1] In <u>U.S. v. Kendrick</u>, a 9th Circuit case, the Court states that a three-step process in used to determine whether collateral estoppel applies: 1) An identification of the issues in the two actions for the purposes of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine; 2) an examination of the record of the prior case to decide whether the issue was "litigated" in the first case; and 3) an examination of the record in the prior proceeding to ascertain whether the issue was necessarily decided in the first case.  <u>U.S. v. Kendrick</u>, 98 Fed.Appx. 692, 693-694 (9th Cir. 2004), citing <u>United States v. McLaurin</u>,,57 F.3d 823, 826 (9th Cir. 1995).

Defendants cite this case and this identical citation in their motion.  While the Memorandum Opinion of Judge Lopez in the Probate Matter is subject to judicial notice in this matter, the "record of the prior case" may not be.  Thus any invitation to look outside that which is within the four corners of the Amended Complaint, incorporated exhibits thereto, and that of which the Court may take judicial notice may convert Defendants' Motion to one for summary judgment.

Defendants would have this Court believe that whether a contract to make a will existed or not is the basis of Mr. Segreti's claims herein and that the judgment in the Probate Matter is therefore dispositive of this matter. This contention is flawed because Mr. Segreti's claims in this matter are based on the separate and distinct allegations that Mrs. Corsetti was willing to transfer title of the Property to Mr. Segreti either by gift or discounted price in the early 1990's and that Defendant Christopher derailed that plan when he advised his clients to wait until Mrs. Corsetti's death to transfer the Property to Mr. Segreti without properly advising Mr. Segreti of the risks of taking this advice.

Collateral estoppel seeks to conserve judicial resources, protect citizens from multiple lawsuits, and reduce the likelihood of inconsistent verdicts. *Id.* at 54. In this matter, there is no risk of inconsistent verdicts because the Probate Matter verdict was limited in scope as to whether Mr. Segreti and Mrs. Corsetti had a contract to make a will. The issues in this matter do not turn on whether a contract to make a will existed; the issues in this matter hinge on whether Mrs. Corsetti was willing or agreed to transfer the property through a present-day transfer to Mr. Segreti and the advice and lack thereof given by Defendant Christopher to Mr. Segreti related to a testamentary transfer and the risks this advice imposed on Mr. Segreti.

The judgment in the Probate Matter is not dispositive of Mr. Segreti's claims in this matter. It merely determined that Mr. Segreti did not have a contract to make a will, not whether Mrs. Corsetti ever agreed or was willing to transfer the Property to him or whether Defendant Christopher's counsel and advice to Mr. Segreti was negligent. But for Defendant Christopher's advice to not effectuate a present-day transfer and his failure to properly advise Mr. Segreti about the risks of planning a future transfer by testamentary devise, Mrs. Corsetti would have transferred the Property to Mr. Segreti in the early 1990's and no agreement or contract to will

would have been later needed to effectuate the transfer upon Mrs. Corsetti's death.  Alternatively, Mr. Segreti would have protected himself against Mrs. Corsetti's ability to change her mind by obtaining a binding contract to make a will at a time Mrs. Corsetti was disposed to doing so.

The negligence claims made here by Mr. Segreti against the Defendants are as follows:

1.  In the early 1990's, Mrs. Segreti and Mr. Segreti jointly sought legal assistance from Defendant Christopher to effectuate a present day inter vivos transfer of title of the Property from Mrs. Corsetti to Mr. Segreti either by gift or at a discounted price.

2.  Defendant Christopher advised them not to make the transfer during Mrs. Corsetti's lifetime, but rather to allow a transfer to take place upon Mrs. Corsetti's death.  Defendant Christopher counseled Mr. Segreti and Mrs. Corsetti that by transferring title to the Plaintiff through her estate at her death instead of through an immediate transfer, Plaintiff would receive a more favorable tax treatment, i.e., a stepped-up cost basis in the Property.

3.  Relying on the advice of Defendant Christopher, Plaintiff and Mrs. Corsetti decided to wait and transfer the Property to Mr.Segretti through Mrs. Corsetti's estate upon her death.

4.  However, Defendant Christopher did not advise Mr. Segreti that, unlike an immediate, present-day transfer of title, a plan for transferring title of the Property to Plaintiff through testamentary devise would not be binding on Mrs. Segreti without an agreement or a contract to make a will.

Defendants contend that Mr. Segreti already litigated the issue of whether Mrs. Corsetti ever agreed to transfer the Property to Mr. Segreti in the Probate Matter.  That is not correct.  Mr. Segreti litigated only the narrow issue of whether Mrs. Corsetti ever entered into a contract to make a will with Mr. Segreti providing for the transfer of the Property to Mr. Segreti upon the death of Mrs. Corsetti.  Whether Mrs. Corsetti *ever* agreed to transfer the Property to Mr. Segreti

was not before the Probate Court and was not litigated in that proceeding.

    **2.**    **The Issues in This Matter Were Not Decided By The Probate Court**

Mr. Segreti does not deny that D.C. Superior Court is a Court of competent jurisdiction. However, as discussed herein above and below, the issues in this matter were neither before nor decided in the Probate Matter. Defendants contend that Mr. Segreti had a full and fair opportunity to litigate whether Mrs. Corsetti ever had an agreement to transfer the Property to him in the Probate Matter. This is not true. Simply put, whether Mrs. Corsetti *ever* agreed to transfer the Property to Mr. Segreti was not before the Probate Court and was not litigated in that proceeding. Similarly, Defendant Christopher's advice or lack thereof related to a transfer of the Property was not before the Probate Court and was not litigated in that proceeding.

    **3.**    **It Would Be Patently Unfair To Bar Mr. Segreti From Litigating Issues Which Were Neither Before The Probate Court Nor Fairly and Fully Litigated In That Matter.**

The interests advanced by collateral estoppel must be balanced against the important interest of permitting plaintiffs to present their cases. *Id.* Mr. Segreti has valid claims against the Defendants which are distinct from any issue in the Probate Matter. Precluding Mr. Segreti from advancing his claims in this matter based on the narrow issue of contract to make a will which was before and decided by the probate court would be fundamentally unfair to Mr. Segreti because the claims asserted in this case were not before the Probate court.

Mr. Segreti had no incentive in the Probate Matter to litigate the issue of Mrs. Corsetti's willingness to transfer the Property in the early 1990's to Mr. Segreti by gift or discounted price or the issue of Defendant Christopher's negligence related to his counsel in this regard. See Venetian Casino Resort, LLC, v. National Labor Relations Board, 2007 WL 1320498 (D.D.C. 2007)(Preclusion in the second case must not work a basic unfairness to the party bound by the

first determination. An example of such unfairness would be when the losing party clearly lacked any incentive to litigate the point in the first trial, but the stakes of the second trial are of vastly a greater magnitude.) None of these issues were before the Probate court and none of these issues have any bearing whatsoever of whether Mr. Segreti and Mrs. Corsetti entered into a contract to make a will.

> **B.    Mr. Segreti's Claims for Legal Malpractice Are Not Barred By Defendant's Claim of Collateral Estoppel**

In order to maintain an action for legal malpractice, the plaintiff must prove (1) there is an attorney-client relationship; (2) that the attorney neglected a reasonable duty; and (3) that the attorney's negligence resulted in and was the proximate cause of loss to the client. Chase v. Gilbert, 499 A.2d 1203, 1211 (D.C. 1985). Defendants contend that Mr.Segreti cannot meet the elements of proving a claim of legal malpractice against the Defendants because he is barred by collateral estoppel. Mainly they claim that the alleged bar precludes him from satisfying the second and third elements of a claim for legal malpractice.

The basis for Defendants' contention that Mr. Segreti is collateral estopped is premised on their factually incorrect assertion that the Probate Matter found that Mrs. Corsetti never agreed to transfer the Property to him. As discussed above, that is not what the Probate court found. The ruling in the Probate court was that there was no contract to make a will. The Probate Court did not consider and therefore did not rule as to whether Mrs. Corsetti agreed or was willing to a present-day transfer of the Property to Mr. Segreti by gift or at a discounted price. Defendants' contention that there was no agreement under their collateral estoppel theory and therefore no duty on Defendant Christopher to properly advise Mr. Segreti as to any agreement, the second element cannot be met. Defendants further contend that there can be no causal connection between any alleged duty and the alleged damage to Mr. Segreti because of Defendants mistaken

reliance on collateral estoppel.

The gravaman of Mr. Segreti's complaint against Defendants is not that he did not obtain title to the Property upon Mrs. Corsetti's death as alleged by Defendants, but rather that i) Mrs. Corsetti agreed or was willing to make a present-day transfer of the Property to Mr. Segreti by gift or at a discounted price, (ii) that Defendant Christopher, as their joint counsel, advised them not transfer the property at that time but rather to transfer the Property to Mr. Segreti through testamentary devise because Mr. Segreti would receive favorable tax treatment, and (iii) that but for this advice and Defendant Christopher's failure to advise Mr. Segreti about the risks of relying on a contemplated future transfer of the Property by testamentary devise without a binding agreement from Mrs. Corsetti to do so, Mr. Segreti would not have foregone the present-day transfer or would have protected himself by contract to preclude Mrs. Corsetti's ability to change her mind as to the testamentary devise. Given that Mr. Segreti is not collaterally estopped from maintaining the claims in his amended complaint, Mr. Segreti has properly pleaded and can maintain this action for legal malpractice. He has pleaded an attorney-client relationship, that Defendants owed a duty to him which was breached, and that there is a causal connection between the breach and the damages to him.

Mr. Segreti has properly pleaded that he and Mrs. Corsetti went jointly to Defendant Christopher to effectuate a present day transfer but that plan was derailed based on Defendant Christopher's advise to wait and transfer the Property through testamentary devise. Defendants' argument that Defendant Christopher's negligence is not the proximate cause of Mr. Segreti's damages because he would need to show the other party agreed is without merit for this motion. Mr. Segreti properly pleaded that both he and Mrs. Segreti went to Defendant Christopher jointly to effectuate a present-day, inter vivos transfer. At that time, Mrs. Corsetti was willing to make a

present-day transfer of the property to him either by gift or discounted price. But for Defendant Christopher's negligence, Mr. Segreti would have gained title to the Property. Collateral estoppel does not apply for the reasons set forth above.

### C. Mr. Christopher Has Properly Stated A Cause of Action Against Vaughan, Fincher & Sotelo, P.C.

Mr. Segreti alleges in his Amended Complaint that "Defendant Christopher was a partner at Defendant Vaughan, Fincher, and Sotelo, P.C. while he was retained by the Trustees as an expert witness in litigation adverse to the Plaintiff." Defendant states that the complaint against this Defendant must be dismissed because Plaintiff has not pleaded that Defendant Christopher was acting within the scope of his employment for Vaughan, Fincher, and Sotelo, P.C. Mr. Segreti does not base his claim against Vaughan, Fincher, and Sotelo, P.C., on the whether he was an employee acting within the scope of his employment. He based his claim on the fact that Defendant Christopher was a partner at Vaughan, Fincher, and Sotelo, P.C., and therefore Vaughan, Fincher, and Sotelo, P.C., may be liable for acts/omissions of one of its partners during said partnership.

### IV. An Order to Stay This Matter Would Be The More Appropriate Relief If The Court Was Inclined to Accept Defendant's Arguments of Collateral Estoppel

In the event this Court is inclined to grant Defendants' Motion to Dismiss due to collateral estoppel based on the judgment in the Probate Matter, Mr. Segreti respectfully requests that this Court enter a stay of this matter in lieu of dismissal pending the outcome of Mr. Segreti's appeal of the judgment in the Probate Matter. If this matter is dismissed and Mr. Segreti were to prevail on his appeal of the Probate Matter overturning the judgment, Mr. Segreti would not be collaterally estopped from litigating these issues. However, Mr. Segreti would be foreclosed from refiling this action because the statute of limitations will have run. Having this matter dismissed

with no means of recourse due to collateral estoppel of a judgment pending appeal would be prejudicially unfair to Mr. Segreti. Therefore a stay would be the more appropriate relief.

WHEREFORE, for the foregoing reason, Plaintiff Mario J. Segreti respectfully requests that this Court deny Defendants' Motion to Dismiss or in the alternative, if the Court were inclined to grant Defendants Motion, enter a stay of this matter pending resolution of the appeal of the Probate Matter, and for any other such relief as this Court deems just and proper.

Dated: May 18, 2007	RESPECTFULLY SUBMITTED,

/s/ Ashley E. Wiggins
_____
Ashley E. Wiggins, D.C. Bar No. 481557
Mark G. Griffin, D.C. Bar No. 198978
Griffin & Murphy, LLP
1912 Sunderland Place NW
Washington, DC 20036
(202) 429-9000
(202) 232-7365 Facsimile
*Co-Counsel for the Plaintiff*

/s/ J. Gordon Forester, Jr.
_____
J. Gordon Forester, Jr., D.C. Bar No. 4474
Law Offices of J. Gordon Forester, Jr.
1912 Sunderland Place NW
Washington, DC 20036
(202) 293-3353
*Co-Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of May 2007, a true and exact copy of the foregoing Opposition was served by ECF upon:

J. Jonathan Schraub, Esquire

George O. Peterson, Esquire
SANDS ANDERSON MARKS & MILLER
1497 Chain Bridge Road
Suite 202
McLean, Virginia 22101

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIO J. SEGRETI,** | ) |
| Plaintiff, | ) CASE NO. <u>1:07-cv-00287-RBW</u> |
| | ) |
| vs. | ) |
| | ) |
| **A. MARK CHRISTOPHER, et al.** | ) |
| Defendant. | ) |

**AFFIDAVIT**

DISTRICT OF COLUMBIA, WASHINGTON, D.C., To Wit:

I HEREBY CERTIFY, that on this 18th day of May 2007, before me, the subscriber, a Notary Public of the aforesaid jurisdiction personally appeared Mario J. Segreti, and he made under oath in due form of law that the matters and facts set forth below are true:

    1.  That he is over eighteen years of age, is competent to be an affiant and witness, and has personal knowledge of the matters and facts set forth herein.

    2.  That in the early 1990's, my grandmother, Mrs. Corsetti agreed and was willing to make a present-day inter vivos transfer of the real property located at 5113 Western Avenue, NW, Washington, DC ("Property") to me either by gift or discounted price.

    3.  We jointly sought the legal advice, assistance, and counsel of Mark Christopher to effectuate the present-day transfer.

    4.  Mark Christopher advised us not to transfer the Property at that time as we planned but to wait and transfer the Property upon my grandmother's death because I would receive more favorable tax treatment through this type of transfer.

    5.  Mark Christopher did not advise us that a testamentary transfer would not have been binding on my grandmother who could change her mind to leave me the Property through testamentary devise or that a contract to make a will was needed in order to make a transaction binding on my grandmother

    6.  I relied expressly and completely on the advice of Mark Christopher and decided to forego the opportunity for a present-day transfer from my grandmother and wait for the transfer to be through testamentary devise.

    7.  If Mark Christopher had advised me that a transfer through testamentary devise was not binding on my grandmother, I would have protected myself from my grandmother's ability to change her mind about the transfer by entering into a binding contract to make a will with her

immediately upon receipt of advice of Mr. Christopher.

    8. As a result of Mark Christopher's failure to properly advise me, I was unable to make an informed, knowledgeable and intelligent decision as to my rights in the even my grandmother changed any testamentary disposition regarding the property.

                                                        _____
                                                        Mario J. Segreti

AS WITNESS, my hand and notarial seal.

                                                        _____
                                                        Notary Public

Wayne Lewis
Notary Public, District of Columbia
My Commission Expires 06-14-2009

My commission expires: _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIO J. SEGRETI,** | ) |
| Plaintiff, | ) CASE NO. 1:07-cv-00287-RBW |
| | ) |
| vs. | ) |
| | ) |
| **A. MARK CHRISTOPHER, et al.** | ) |
| Defendant. | ) |

_____

### ORDER

UPON CONSIDERATION of Defendants' Motion to Dismiss Amended Complaint, and Plaintiffs opposition thereto, it is this ___ day of _____, 2007,

ORDERED that the Motion to Dismiss is denied.

_____
Judge Reggie B. Walton,
United States District Court for the
District of Columbia