UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIO J. SEGRETI<br>    Plaintiff | )<br>)<br>) |
| v. | )    Case No. 1:07-cv-00287-RBW |
| A. MARK CHRISTOPHER, et al. | )<br>) |

**REPLY TO OPPOSITION TO MOTION TO DISMISS THE AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. RULE 12(b)(6)**

Defendants A. Mark Christopher, Herge, Sparks & Christopher, LLP, Vaughan, Fincher & Sotelo, P.C., and J. Curtis Herge, by counsel, file this Reply to Plaintiff Mario J. Segreti's Opposition to Motion to Dismiss ("Opposition"), and state as follows:

**I.  INTRODUCTION**

Mario J. Segreti ("Mr. Segreti") suggests to this Court that he is relying upon a separate "agreement" or "willingness" on the part of his grandmother Marguerite Corsetti ("Mrs. Corsetti") in the "early 1990s" to transfer the Property to him and that the existence or non-existence of that alleged agreement was never addressed, and determined adversely to Mr. Segreti, by the Honorable Jose M. Lopez in the D.C. Superior Court – Probate Division in Mario J. Segreti v. Luke De Iuliis, Adm. No. 652-04 ("Probate Matter").

Mr. Segreti's claim is disingenuous. The very same alleged "agreement" or "willingness" of Mrs. Corsetti to transfer the Property was litigated and was part and parcel of Mr. Segreti's oral or written contract to make a Will.

1

As recited by Judge Lopez in the Memorandum Order, attached in two parts as Exhibit 1 to the Motion to Dismiss, Mario testified about the alleged agreement with Mrs. Corsetti as follows:

> **Mario testified that he talked with his grandmother in 1992 and 1993 about the terms of his proposed contract. He said in an affidavit that in 1992 there was already a 'verbal contract' between he and his grandmother, that he was supposed to stay with her, help around the home, repair and maintain the house in exchange for ownership of the house when she died.** Yet he tried to explain in his testimony that the reason he remained silent while Mrs. Corsetti made a will in July of 1993 contrary to their agreement was because they were still working out the terms. Mario then testified that he raised the issues in 1997 about their agreement not being in writing. As he explained, Mrs. Corsetti's 1997 Will was the proof that they had a deal, or shall we say a contract.

See ¶ 71 of Memorandum Order (emphasis added).[1] Judge Lopez went on to find, as recited in great detail, that Mrs. Corsetti never made such an agreement.[2]

It is patently clear that Mr. Segreti's current characterization of Mrs. Corsetti's alleged agreement or "willingness" to transfer the Property to him artfully, if not disingenuously, provides only half of his prior version of this alleged agreement which was wrapped up within the claim he brought before the D.C. Superior Court in the Probate Matter. That issue was

---

[1] This paragraph of Judge Lopez' Memorandum Order was not set out in the Defendants' Memorandum in Support of the Motion to Dismiss. Its relevance to the disposition of this Motion is clear given the Opposition.

[2] Mr. Segreti suggests, in passing and without support, that this Court's consideration of Judge Lopez' Memorandum Order, converts the Motion to Dismiss into a Motion for Summary Judgment. See footnote 1 on page 6 of the Opposition. Such a bald statement is contrary to the clear weight of authority in this Circuit. See, as cited in the Memorandum in Support of Motion to Dismiss, Howard v. Gutierrez, 474 F.Supp.2d 41, 47-48 (D.D.C. 2007) ("In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated herein, and matters of which it may take judicial notice."); Stewart v. Nat'l Educ. Ass'n, 471 F.3d 169, 173 (D.C. Cir. 2006); see also Opoka v. INS, 94 F.3d 392, 394 (7th Cir.1996) ('Indeed, it is a well-settled principle that the decision of another court or agency, including the decision of an administrative law judge, is a proper subject of judicial notice.'); Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221, 1222 (D.C. Cir. 1993) ('The district court may ... examine matters of public record in ruling on a Rule 12(b)(6) motion...').

2

decided adversely to Mr. Segreti in the Probate Matter and Mr. Segreti does not get to re-litigate the issue in the context of a legal malpractice suit against Mr. Christopher, et al.

The sum and substance of Mr. Segreti's Opposition is that the gravamen of his Amended Complaint are his allegations that:

1) Mrs. Corsetti agreed or was willing to make a present-day-transfer of the Property to Mr. Segreti by gift or at a discounted price in the early 1990s;

2) As joint counsel for Mrs. Corsetti and Mr. Segreti, Mr. Christopher advised Mrs. Corsetti not to transfer property, but to do so by testamentary devise; and

3) Mr. Christopher failed to advise Mr. Segreti of risks of relying on a contemplated future transfer which provided no certainty.

See pages 2-3, 11 of Opposition.

Mr. Segreti suggests that the agreement, which Judge Lopez decided did not occur, was distinct from his current incarnation of the "agreement" or "willingness" of Mrs. Corsetti to transfer the Property to him. In reality, and perhaps in keeping with Judge Lopez' characterization of Mr. Segreti's testimony in the Probate Matter,[3] Mr. Segreti mischaracterizes the nature of the alleged early 1990s agreement in the present suit in an attempt to defeat the preclusive effect of the application of collateral estoppel. Yet one only need look to paragraph 71 of the Memorandum Order to see that the issue was previously decided adverse to Mr. Segreti. For the reasons set forth below, Mr. Segreti's current claims are barred by collateral estoppel and the Amended Complaint should be dismissed with prejudice.

---

[3] See ¶ 46 of the Memorandum Order wherein Judge Lopez found that ("[d]ue to his strained efforts, Mario's testimony seldom was sincere... He seemed overzealous to provide a rationale for everything to the point of giving an impression that he was trying to color the facts to suit his picture of the truth.")

3

## II. ARGUMENT

### A. Defendants Have Clearly Demonstrated That the Doctrine of Collateral Estoppel Bars Mr. Segreti From Re-Litigating the Existence of Mrs. Corsetti's Alleged Agreement (Or As Now Characterized "Willingness") to Transfer the Property to Him.

The parties notably do not disagree on the applicable case law and standard for the doctrine of collateral estoppel. The only dispute at this point is whether it applies in this instance. It is patently clear that all elements of the doctrine of collateral estoppel are satisfied and Mr. Segreti's Amended Complaint ought to be dismissed with prejudice.

#### 1. Issue Already Decided Adversely To Mr. Segreti[4]

As set forth above, it is clear that Judge Lopez decided the issue of Mrs. Corsetti's alleged "agreement" or "willingness" to transfer the Property to Mr. Segreti in the early 1990s adversely to Mr. Segreti. See ¶ 71 of the Memorandum Order. Without the ability to prove that essential issue, Mr. Segreti simply cannot support a cause of action against Mr. Christopher since that existence of Mrs. Corsetti's "agreement" or "willingness" to transfer the Property to Mr. Segreti is the cornerstone of the action. See generally, R. Mallen and J. Smith, Legal Malpractice, § 23.5 at 469 (2006 Ed.) ("Proof of causation requires analysis of the consequences of proper advice. Thus, the client needs to prove what should have been achieved had the 'proper' advice been given. **If the alleged error is the failure to obtain or advise of a provision, concession or benefit, the client must prove that the other party would have agreed.** It is not sufficient to show that the other party 'might have' agreed.") (emphasis added).

---

[4] Mr. Segreti also states that Judge Lopez did not decide whether Mr. Christopher committed legal malpractice. Mr. Christopher, et al. have never made such a contention. Mr. Segreti, however, misses the point of the Motion. It is Judge Lopez' decision on the fact that Mrs. Corsetti never agreed to transfer the Property to Mr. Segreti that precludes this Court from determining Mr. Christopher's alleged negligence because the factual underpinning for the current claim cannot be re-litigated by Mr. Segreti.

4

> 2. **There Is No Unfairness To Mr. Segreti in Barring Him From Litigating the Existence of Mrs. Corsetti's "Willingness" or "Agreement" to Transfer the Property to Him When He Had the Opportunity to Litigate the Matter, Did Litigate the Matter Extensively, and the Stakes Were Whether Or Not He Was to Get the Property**

Mr. Segreti weakly suggests that somehow he did not have adequate incentive to litigate the issue of whether Mrs. Corsetti ever agreed to transfer the Property to him. Yet the object of Mr. Segreti's suit in the Probate Matter was to set aside Mrs. Corsetti's estate planning so that he would take the Property under Mrs. Corsetti's prior estate planning documents[5] or to prove that there was an independent agreement by Mrs. Corsetti which would preclude Mrs. Corsetti from altering her estate plans. Mr. Segreti had every incentive and every opportunity to litigate the issue in the Probate Matter and did so aggressively. Unfortunately for Mr. Segreti, his testimony was disbelieved and an adverse judgment was entered against him.

> B.    **Mr. Segreti's Allegation that Mr. Christopher Was a Partner at Defendant Vaughan, Fincher & Sotelo, P.C. Is Not Sufficient to Suggest He Was Acting Within the Scope of His Employment**

Mr. Segreti admits in his Opposition that he is not basing his claim against Vaughan, Fincher & Sotelo, P.C. on "whether he was an employee acting within the scope of his employment", but instead on his status as partner at the firm. See Opposition, page 12. Mr. Segreti does not claim Vaughan, Fincher & Sotelo, P.C. had any active role in the alleged conduct or that Mr. Christopher was acting within the scope of his employment. Without such an allegation Vaughan, Fincher & Sotelo, P.C. must be dismissed from this action. See Bartlett v. Heibl, 128 F.3d 497, 499 -500 (7th Cir. 1997) ("If Heibl were being sued for conduct within the scope of his agency or employment as a partner or an associate of a law firm, the firm could

---

[5]    See ¶ 7 of the Memorandum Order.

be named along with him as a defendant, because it would be liable jointly with him for that conduct."); Entente Mineral Co. v. Parker, 956 F.2d 524 (5th Cir.1992).

### C. Mr. Segreti's Affidavit Should Be Stricken Because It Provides No Support For the Opposition to the Motion to Dismiss.

Mr. Segreti's Affidavit provides no defense to the assertion of collateral estoppel. It should be stricken and not considered on the Motion to Dismiss as it generally just restates the allegations in the Amended Complaint. See High v. McLean Financial Corp., 659 F. Supp. 1561, fn. 1 (D.D.C. 1987) ("Under Fed. R. Civ. P. 12(b), this extra-pleading material converts the motion to one for summary judgment *unless* the Court determines that the material should be 'excluded.' Pursuant to the discretion provided under this Rule, the Court will not consider extra-pleading material that is not comprehensive enough to facilitate a rational disposition of the action. See C.A. Wright and A. Miller, *Federal Practice and Procedure:* Civil § 1366 .... Accordingly, as the Court does not find the Pattison affidavit helpful, it will exercise its discretion under Fed.R.Civ.P. 12(b) and will not consider the Pattison affidavit. Therefore, defendant's motion remains a motion to dismiss pursuant to Rule 12(b)(6)."). Accordingly, this Court should decide this matter on the pleadings and the Memorandum Order from the Probate Matter over which this Court may take judicial notice.

### D. Mr. Christopher, et al., Oppose Mr. Segreti's Request to Stay This Case Pending Resolution of Mr. Segreti's Appeal of the Memorandum Order

Mr. Christopher and the other Defendants oppose Mr. Segreti's request to stay this case pending the resolution of Mr. Segreti's appeal of Judge Lopez' decision. If the D.C. Court of Appeals affirms the Memorandum Order then the bar of collateral estoppel issue will have to be decided by this Court anyway. If the D.C. Court of Appeals reverses the Memorandum Order and Mr. Segreti ultimately prevails then he will have no ascertainable damages against these

6

Defendants. Quite simply, there is no logical reason to stay this case pending Mr. Segreti's quest to overturn Judge Lopez' well-reasoned opinion.

## III. CONCLUSION

WHEREFORE, for the foregoing reasons, those appearing in the Memorandum in Support of the Motion to Dismiss, and those which may be urged upon the hearing of this matter, Defendants A. Mark Christopher, Herge, Sparks & Christopher, LLP, Vaughan, Fincher & Sotelo, P.C., and J. Curtis Herge, respectfully request this Honorable Court to dismiss the Amended Complaint with prejudice and for such other relief as this Court deems just.

Dated: May 29, 2007                    Respectfully submitted,

                                       SANDS ANDERSON MARKS & MILLER
                                       A Professional Corporation


                                       /s/ George O. Peterson
                                       _____
                                       J. Jonathan Schraub    (DC Bar No. 950816)
                                       George O. Peterson    (DC Bar No. 478050)

                                       1497 Chain Bridge Road
                                       Suite 202
                                       McLean, Virginia 22101
                                       (703) 893-3600
                                       (703) 893-8484 (facsimile)
                                       *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of May, 2007, a true and correct copy of the foregoing Defendants A. Mark Christopher, Herge, Sparks & Christopher, LLP, Vaughan, Fincher & Sotelo, P.C., and J. Curtis Herge's Reply to Opposition to Motion to Dismiss Amended Complaint was served, by ECF upon:

>Ashley E. Wiggins, Esquire
>Griffin & Murphy, LLP
>1912 Sunderland Place, N.W.
>Washington, D.C. 20036
>*Co-Counsel for Plaintiff*

*And by U.S. Mail to:*

>J. Gordon Forester, Jr., Esquire
>Law Offices of J. Gordon Forrester, Jr.
>1912 Sunderland Place, N.W.
>Washington, D.C. 20036
>*Co-Counsel for Plaintiff*

/s/ George O. Peterson
_____
George O. Peterson