UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARIO J. SEGRETI,                    )
                                     )
    Plaintiff,                       )
                                     )   CASE NO.  1:07-cv-00287-RBW
vs.                                  )
                                     )
A. MARK CHRISTOPHER, *et al.,*       )
                                     )
    Defendants.                      )
_____

## SECOND AMENDED COMPLAINT

NOW COMES Plaintiff Mario J. Segreti, by and through his counsel, and files this Second Amended Complaint against the Defendants A. Mark Christopher, J. Curtis Herge, Herge, Sparks, & Christopher, LLP, and Vaughan, Fincher, & Sotelo, P.C., (collectively "Defendants") and in support thereof, Plaintiff, states as follows:

## JURISDICTION & VENUE

1. This action involves injuries to Plaintiff resulting from legal services provided to and/or for the direct benefit of the Plaintiff by the Defendants.

2. This Court has jurisdiction over the subject matter because there is complete diversity of citizenship between the Plaintiff and all Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Venue is also proper in this Court because all parties are subject to personal jurisdiction in the District of Columbia and because the acts and omissions giving rise to the claims asserted herein occurred in the District of Columbia.

1

## PARTIES

4. Plaintiff is an individual resident, citizen, and domiciliary of the District of Columbia residing at 5113 Western Avenue, N.W., Washington, D.C. 20016.

5. Defendant A. Mark Christopher ("Christopher") is an attorney licensed to practice law only in the Commonwealth of Virginia and who maintains offices located only in the Commonwealth of Virginia. Defendant Christopher is neither licensed to practice law nor maintains offices in the District of Columbia.

6. Defendant Christopher is a domiciliary, resident, and citizen of the Commonwealth of Virginia residing in McLean, Virginia.

7. Defendant J. Curtis Herge ("Herge") is a domiciliary, resident, and citizen of the State of Florida residing in Brooksville, Florida. At all times relevant to this action, the Defendant Herge acted within the course and scope of his employment or agency for Defendant Herge, Sparks & Christopher, LLP.

8. At all times relevant to this action, Defendant Herge, Sparks, & Christopher, LLP, ("HS&C") was a Virginia limited liability partnership which functioned as a law firm, with its principal place of business at 6862 Elm Street, Suite 360, McLean, Virginia 22101.

9. Defendant Vaughan, Fincher, & Sotelo, P.C., ("V, F & S") is a Virginia professional corporation which functions as a law firm with its principal place of business located at 8619 Westwood Center Drive, Suite 400 Vienna, Virginia 22182.

**OPERATIVE FACTS**

10. Defendant Christopher was an associate and later a partner of Defendant HS&C, until late 2004. At all times relevant to this action all of Defendant Christopher's acts and omissions while an associate and later as partner at HS&C were undertaken in the course and scope of his activities as an employee or agent of HS&C.

11. Defendant Christopher was a partner at Defendant V, F & S, from on or about January 1, 2005 through at least August 31, 2005. At all times relevant to this action, and while a partner at Defendant V,F&S, Defendant Christopher acted within the scope and course of his employment/agency on behalf of V,F&S.

12. At no time relevant to this action was Defendant Christopher licensed to practice law in the District of Columbia.

13. Throughout the 1990's until her death on March 24, 2004, Defendant Christopher prepared Marguerite Corsetti's annual tax returns.

14. At all times relevant to this action, Marguerite Corsetti ("Mrs. Corsetti") was domiciled and resided at 5113 Western Avenue NW, Washington, DC 20016 (the "Property").

15. Plaintiff is the grandson of Mrs. Corsetti who resided with her at the Property from approximately 1990 until her death.

16. In the early 1990's, Plaintiff and Mrs. Corsetti jointly sought legal assistance from Defendant Christopher to effectuate an inter vivos transfer of title of the Property from Mrs. Corsetti to the Plaintiff ("Inter Vivos Transfer"). At all times relevant to this action and prior to Plaintiff and Mrs. Corsetti seeking out Defendant

      Christopher's initial advice, in the early 1990's ("Initial Advice") Mrs. Corsetti intended to make an <u>inter</u> <u>vivos</u> gift of the Property to the Plaintiff.

17. Defendant Christopher advised Plaintiff and Mrs. Corsetti not to make the <u>Inter Vivos</u> Transfer during the lifetime of Mrs. Corsetti, but rather to arrange for the transfer to take place through Mrs. Corsetti's estate upon her death. As part of the Initial Advice, Defendant Christopher counseled Plaintiff and Mrs. Corsetti that by transferring title of the Property to Plaintiff through her estate rather than by the immediate <u>Inter Vivos</u> Transfer, Plaintiff would receive a more favorable tax treatment upon Mrs. Corsetti's death, e.g., a stepped-up cost basis in the Property for taxation purposes.

18. Both Plaintiff and Mrs. Corsetti were clients of Defendant Christopher as to the proposed transfer of title of the Property to Plaintiff, through the <u>Inter Vivos</u> Transfer.

19. Plaintiff made the payments to Defendant H, S, & C, for the said legal services involving the Initial Advice of Defendant Christopher.

20. Defendant H, S & C accepted payment from the Plaintiff for the said legal services of Defendant Christopher.

21. Relying solely upon the advice of Defendant Christopher, Plaintiff and Mrs. Corsetti decided to effectuate the transfer of title to the Property through Mrs. Corsetti's estate upon her death and to forego the <u>Inter Vivos</u> Transfer from Mrs. Corsetti to Plaintiff.

22. At no time did Defendant Christopher advise Plaintiff that (i) unlike the proposed immediate <u>Inter Vivos</u> Transfer to Plaintiff, transferring title of the Property to

Plaintiff through an ordinary testamentary devise would not be binding on Mrs. Corsetti, as it was revocable by Mrs. Corsetti and (ii) that without a written and enforceable contract to make a will ("Will Contract"), Defendant's expectancy of becoming the sole devisee of the Property under Mrs. Corsetti's will was not legally protected. As a proximate result of these negligent actions and omissions of the Defendants Christopher and H, S & C. Plaintiff lost the valuable and unique opportunity to obtain the Property by means of the Inter Vivos Transfer, or by testamentary devise.

23. In 1997, Defendant Christopher prepared and participated in the execution of estate planning documents for Mrs. Corsetti, including, *inter alia*, a will ("1997 Will") and a revocable trust ("1997 Trust") (collectively referred to as the "1997 Estate Documents").

24. Both the 1997 Will and 1997 Trust devised the Property outright to the Plaintiff upon Mrs. Corsetti's death. At all times subsequent to the Initial Advice and through the balance of Mrs. Corsetti's lifetime, the Plaintiff was unaware of the need to enter into a written and enforceable Will Contract with Mrs. Corsetti, so as to receive protection against revocation of Mrs. Corsetti's intended devise of the Property to Plaintiff upon her death.

25. In late February 2004, while hospitalized, Mrs. Corsetti was diagnosed with terminal cancer.

26. On or about Friday, February 27, 2004, Defendant Christopher met with Mrs. Corsetti at her home in the District of Columbia about revising the 1997 Estate Documents.

27. Following this meeting and at the instruction of Defendant Christopher, a new Will and an Amended and Restated Revocable Trust Agreement ("2004 Estate Documents") were prepared by Defendant Herge, a partner of Defendant H, S & C.

28. Four days after the initial consultation about revising her Estate Documents, on Tuesday, March 2, 2004, Defendant Christopher again met with Mrs. Corsetti in the District of Columbia and participated in and procured the execution of the 2004 Estate Documents.

29. The 2004 Estate Documents devised the Property to others, omitting the Plaintiff entirely.

30. Neither Defendant Christopher nor Defendant Herge advised or consulted with the Plaintiff about Mrs. Corsetti's revised estate plan, including specifically the 2004 Estate Documents.

31. Neither Defendant Christopher nor Defendant Herge sought the consent of Plaintiff to represent Mrs. Corsetti in the preparation and execution of the 2004 Estate Documents.

32. Defendant Christopher deliberately chose not to advise, consult with, or seek the consent of Plaintiff to represent Mrs. Corsetti in preparation and execution of the 2004 Estate Documents.

33. Mrs. Corsetti died on March 24, 2004.

34. Following Mrs. Corsetti's death, Defendant Christopher represented the Trustees of her testamentary Trust ("Trustees") in their effort to remove Plaintiff from the Property.

35. In or about July 2004, Defendant Christopher agreed to be an expert witness for the Trustees against the Plaintiff in a civil matter in the District of Columbia Superior Court, Civil Division, related to, inter alia, removing Plaintiff from the Property ("Civil Matter").

36. In or about July and August 2004, Defendant Christopher testified as an expert witness on behalf of the Trustees at a preliminary injunction hearing against the Plaintiff in the Civil Matter.

37. In or about August 2005, Defendant Christopher was deposed by Plaintiff's counsel in a probate matter in the District of Columbia Superior Court, Probate Division, challenging the validity of the 2004 Estate Documents ("Probate Matter").

38. During this deposition, Defendant Christopher and counsel for the Trustees represented that Defendant Christopher remained as an expert witness in the Civil Matter for the Trustees and he was further retained as an expert witness for the Trustees in the Probate Matter.

39. Defendant Christopher's and Defendant Herge's respective representation of Mrs. Corsetti in consultation for, preparation of, and participation in the execution of the 2004 Estate Documents, Defendant Christopher's representation of the Trustees in their efforts to remove Plaintiff from the Property Defendant Christopher's retention and his actions as an expert witness in litigation against the Plaintiff were substantially related and materially adverse to the matter as to which Defendant Christopher previously counseled and advised Mrs. Corsetti and Plaintiff i.e., the Inter Vivos Transfer and the testamentary disposition of the

Property.

40. Defendant Christopher's and Defendant Herge's respective representation of Mrs. Corsetti in consultation for, preparation of, and participation in the execution of the 2004 Estate Documents, Defendant Christopher's representation of the Trustees in their efforts to remove Plaintiff from the Property, and Defendant Christopher's retention and actions as an expert witness in litigation against the Plaintiff were materially adverse to the interests of the Plaintiff and were substantially related to Defendant Christopher's and Defendant H,S,&C's, prior representation of Plaintiff.

41. Should Plaintiff not be found to have been a client of Defendant Christopher and of Defendant H, S, & C, Plaintiff was the intended third-party beneficiary of said Defendant's representation of Mrs. Corsetti related to the <u>Inter Vivos</u> Transfer to Plaintiff.

42. Defendant Christopher's actions complained of herein and as alleged herein constitute the unauthorized practice of law in the District of Columbia.

## **COUNT I**

43. The allegations contained in Paragraph 1 - 42 are fully incorporated herein by reference and Plaintiff further alleges as follows:

44. Plaintiff was a client of Defendant Christopher and H, G & S, in connection with the Initial Advice and maters related thereto.

45. Defendant Christopher was a partner at Defendant V, F & S while he was retained by the Trustees as an expert witness in litigation adverse to the Plaintiff.

46. Defendants owed the duty to the Plaintiff at all times during their respective representation of the Plaintiff, to use such skill, prudence and diligence as other members of the legal profession commonly possess and exercise under similar circumstances.

47. Defendants breached this duty, in that:

    a) as alleged in Plaintiff 22, Defendants Christopher and HG&S negligently omitted and neglected to disclose and advise the Plaintiff and Mrs. Corsetti of the need for a Will Contract, as a direct an foreseeable result of which Plaintiff and Mrs. Corsetti as laypersons did not proceed to enter into a Will Contract at any time subsequent to Defendants Christopher's Initial Advice, as alleged in Paragraph 22.

    b) as alleged in Paragraph 22, as a proximate result of the incomplete and therefore negligent and tainted advice of the Defendants Christopher and HG&S and Plaintiff's specific reliance thereon, the Plaintiff and Mr. Corsetti did not proceed to consummate the Inter Vivos Transfer, to the ultimate detriment of the Plaintiff.

    c) the Defendants Christopher, Herge, H, S & C, and V,F&S, proceeded to without the consent of the Plaintiffs to take materially adverse positions against Plaintiff by counseling, directing and facilitating action by Mrs. Corsetti, in complete derogation of Plaintiffs' justifiable expectations to receive the Property from Mrs. Segreti, pursuant to the Inter Vivos Transfer, or alternatively, as a consequence of a binding and enforceable written Will Contract and by acting as an expert witness in litigation against Plaintiff which was materially adverse to their prior legal representation of Plaintiff.

48. The Defendants and each of them, respectively as set forth thereon in Paragraph 47, were grossly negligent in that their actions were willful and wanton and in reckless disregard for the rights of the Plaintiff and the duties they owed to him.

49. The respective negligent conduct of the Defendants is the direct and proximate cause of Plaintiff's losses and damages.

50. The Plaintiff has suffered actual losses and damages as a proximate result of the respective Defendants' professional negligence, including but not limited to the

loss of the unique and valuable opportunity to receive sole ownership the Property by Inter Vivos Transfer the necessity to pay and incur substantial attorneys' fees and costs to protect his legal interest as to the Property and the need to litigate to avoid Plaintiff's eviction from the Property.

## COUNT II

**(Legal Malpractice-Plaintiff As Third Party Beneficiary)**

51. The allegations contained in Paragraph 1 - 50 are fully incorporated herein by reference and Plaintiff further alleges, as follows:

52. Plaintiff was the third party beneficiary of the legal representation of Mrs. Corsetti by Defendants Christopher and H, S & C.

53. The attorney-client relationship between Mrs. Corsetti and Defendants Christopher and H, S & C, related to the transfer of title of the Property to the Plaintiff and was solely for the benefit of the Plaintiff.

54. Defendant Christopher was a partner at Defendant V, F, & S while he was retained by the Trustees as an expert witness in litigation adverse to the Plaintiff.

55. At all times relevant to this action Defendants owed a duty to the Plaintiff to use such skill, prudence and diligence as other members of the legal profession commonly possess and exercise, under similar circumstances.

56. Defendants breached this duty, in the manner set forth and alleged in Paragraph 47(a) - (c), respectively as to each Defendant.

57. Defendants were grossly negligent in that their actions were willful and wanton and in reckless disregard for the rights of the Plaintiff and the duties they owed to him.

58. The negligent conduct of the Defendants is the direct and proximate cause of Plaintiff's losses and damages.

59. The Plaintiff has suffered actual losses and damages, as a proximate result of Defendants' professional negligence, as set forth in Paragraph 50 hereof.

## COUNT III

### (Breach of Fiduciary Duty to Plaintiff as Client)

60. The Plaintiff incorporates herein by reference all material allegations contained in Paragraph 1-59 and further alleges as follows:

61. By virtue of the attorney-client relationship between Plaintiff and the Defendants Christopher and the respective Defendant law firms, Plaintiff was owed a fiduciary duty of due care and loyalty, by the respective Defendants.

62. Defendant Christopher and the other Defendants breached said fiduciary duty to the Plaintiff by:

   a) failing to advise Plaintiff as to the consequences of foregoing an Inter Vivos Transfer and as otherwise alleged in Paragraphs 22 and 47 hereof.

   b) failing to obtain Plaintiff's consent to any multiple or conflicting representation of interests adverse to Plaintiff's interests as to the Property.

   c) abandoning or disregarding any continuing fiduciary duty not to act adversely to the Plaintiff and to the detriment of the Plaintiff's expectancy as to receiving the Property from Mrs. Corsetti.

63. The Defendant Christopher and the other Defendants, respectively breached their fiduciary duty to Plaintiff by acting with willful, wanton and reckless disregard of Plaintiff's rights, as aforesaid.

11

64. As a proximate result of the Defendants' respective breaches of fiduciary duty owed to the Plaintiff, the Plaintiff has suffered losses and damages, as alleged in Paragraph 50 hereof.

## **REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against each of the Defendants jointly and severally, as follows:

    a. $1,500,000.00 in actual damages;

    b. $1,000,000.00 in punitive damages;

    c. Prejudgment interest from a date and at a rate to be set by the tier of facts in this action; and

    d. Any such further and other relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

/s/ Ashley E. Wiggins
Ashley E. Wiggins, D.C. Bar No. 481557
Mark G. Griffin, D.C. Bar No. 198978
Griffin & Murphy, LLP
1912 Sunderland Place NW
Washington, DC 20036
(202) 429-9000
*Counsel for the Plaintiff*

## **JURY DEMAND**

Plaintiff requests a trial by jury as to all claims herein which are triable by jury.

/s/ Ashley E. Wiggins
Ashley E. Wiggins

12