UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIO J. SEGRETI,** )<br>      Plaintiff, ) CASE NO. <u>1:07-cv-00287-RBW</u><br>       )<br>vs. )<br>       )<br>**A. MARK CHRISTOPHER, et al.** )<br>      Defendant. ) | |

_____

**OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Plaintiff Mario J. Segreti ("Mr. Segreti"), by and through his counsel, hereby opposes Defendants' Motion to Dismiss Second Amended Complaint, and states as follows:

**I.    INTRODUCTION**

In their Motion to Dismiss, Defendants claim that Mr. Segreti's cannot maintain his claims against them because he is collaterally estopped from doing so.  Defendants base this premise on their assertion that the "fundamental problem" with Mr. Segreti's legal malpractice lawsuit against the Defendants is that his claims are based on the factual allegation that he had an agreement with his grandmother, Mrs. Corsetti, to transfer real property located at 5113 Western Avenue, NW, Washington, DC ("Property") to Mr. Segreti and that the existence of such an agreement was fully litigated by Mr. Segreti in D.C. Superior Court - Probate Division in Mario J. Segreti v. Luke DeIuliis, Admin. No. 652-04 ("Probate Matter").  Defendants further opine that since the Probate Matter was decided adversely to Mr. Segreti, Mr. Segreti is now collaterally estopped from asserting that there was ever *any* agreement between him and Mrs. Corsetti. Defendant's position is not correct.  While the factual allegations of Mr. Segreti's claims against Defendants are based on Mrs. Corsetti willingness and agreement to an Inter Vivos Transfer of title of the Property to him when they first sought Defendant Christopher's assistance, Mr.

1

Segreti claims herein were not litigated in the Probate Matter. Therefore, he is not collaterally estopped from litigating his claims in his second amended complaint against the Defendants.

The key to whether an issue is collaterally estopped in subsequent litigation is whether the issues in the prior litigation are substantially similar to the issues in the present case. The issues in these two cases are clearly not substantially similar. The narrow issue decided in the Probate Matter and the issues before this Court are as distinguishable as apples and oranges. The issue in the Probate matter was simply whether Mr. Segreti entered into an oral or written contract with Mrs. Corsetti to make a will. The issues before this Court are completely separate and distinct from those in the Probate Matter and not based upon whether there was a contract to make a will. While the existence of a binding contract to make a will was a material issue in the Probate matter, it is not in this matter, just as the issues in this matter had no bearing on the Probate Matter and therefore were not litigated therein.

The Court in the Probate Matter decided only that Mr. Segreti and Mrs. Corsetti "did not have an oral or written contract to will the real property located on 5113 Western Avenue, NW., Washington, DC." Defendants would have this Court believe that whether a contract to make a will existed or not is dispositive of this matter. The fact that such a contract did not exist as found thus far in the Probate Matter is immaterial in this subsequent malpractice action because the Plaintiff here contends that any failure to enter such a binding agreement is proximately caused by Christopher's negligent legal advice. However, Mr. Segreti's claims are based on the facts that Mrs. Corsetti agreed and was willing to effectuate an Inter Vivos Transfer of title of the Property to Mr. Segreti in the early 1990's and that Defendant Christopher derailed this plan when he advised them to wait until the death of Mrs. Corsetti to pass the Property to Mr. Segreti and without properly advising Mr. Segreti of the risks associated with such a testamentary

transfer. But for this advice and Defendant Christopher's negligent failure to properly advise Mr. Segreti, the Property would have been transferred to Mr. Segreti in the early 1990's and no agreement or contract to make a will would have been needed to effectuate the transfer upon Mrs. Corsetti's death. Alternatively, had he been properly advised, Mr. Segreti would have protected himself against Mrs. Corsetti's ability to change her mind about a transfer by testamentary devise by obtaining a binding contract to make a will.

## II.     FACTS

### A.     FACTUAL ALLEGATIONS IN THE COMPLAINT

The factual allegations in the second amended complaint relevant to Defendants' claim of collateral estoppel are:

1) In the early 1990's, Plaintiff and Mrs Corsetti jointly sought legal assistance from Defendant Christopher to effectuate an inter vivos transfer of title of the Property from Mrs. Corsetti to the Plaintiff ("Inter Vivos Transfer"). See Second Amended Complaint, ¶ 16.

2) Defendant Christopher advised Plaintiff and Mrs. Corsetti not to make the Inter Vivos Transfer during the lifetime of Mrs. Corsetti, but rather to arrange for the transfer to take place through Mrs. Corsetti's estate upon her death. A part of the Initial Advice, Defendant Christopher counseled Plaintiff and Mrs. Corsetti that by transferring title of the Property to Plaintiff through her estate rather than by an immediate Inter Vivos Transfer, Plaintiff would receive a more favorable tax treatment upon Mrs. Corsetti's death, e.g., a stepped-up cost basis in the Property for taxation purposes. Second Amended Complaint, ¶ 17.

3) Both Plaintiff and Mrs. Corsetti were clients of Defendant Christopher as to the proposed transfer of title of the Property to Plaintiff, through the Inter Vivos Transfer. Second Amended Complaint, ¶ 18.

3

4) Relying solely upon the advice of Defendant Christopher, Plaintiff and Mrs. Corsetti decided to effectuate the transfer of title to the Property through Mrs. Corsetti's estate upon her death and to forego the Inter Vivos Transfer from Mrs. Corsetti to Plaintiff.  Second Amended Complaint, ¶ 21

5) At no time did Defendant Christopher advise Plaintiff that (i) unlike the proposed immediate Inter Vivos Transfer to Plaintiff, transferring title of the Property to Plaintiff through ordinary testamentary devise would not be binding on Mrs. Corsetti, as it was revocable by Mrs. Corsetti and (ii) that without a written and enforceable contract to make a will ("Will Contract"), Plaintiff's [sic] expectancy of becoming the sole devisee of the Property under Mrs. Corsetti's will was not legally protected.  As a proximate result of these negligent actions and omissions of the Defendants Christopher and H, S, & C, Plaintiff lost the valuable and unique opportunity to obtain the Property by means of the Inter Vivos Transfer, or by testamentary devise.  Second Amended Complaint, ¶ 22.

      B.      **JUDGMENT IN THE PROBATE MATTER**

Judge Lopez's Memorandum Order, as it relates to this matter, was limited to the issue of "whether Mrs. Corsetti had an oral/written contract with Mario J. Segreti to make a will leaving him her house."  See Memorandum Opinion, Opening Paragraph, Page 1.  Judge Lopez entered a judgment that Mr. Segreti and Mrs. Corsetti "did not have an oral or written contract to will the real property located on 5113 Western Avenue, NW., Washington, DC."  The issue and the judgment in the Probate Matter was merely that no contract to make a will existed, not whether Mr. Segreti and Mrs. Corsetti had an agreement for an Inter Vivos Transfer which was not effectuated as a result of Defendant Christopher's negligent legal advice.  This issue and claim was neither litigated before nor ruled upon by Judge Lopez.

### III.     ARGUMENT

#### A.  Legal Standard for Fed. R. Civ. Proc. 12(b)(6)

When adjudicating a motion to dismiss pursuant to Rule 12(b)(6), a district court "must view all of the allegations and facts in the complaint in the light most favorable to the plaintiff[ ], and it must grant the Plaintiff[ ] the benefit of all inferences that can be derived from those facts. Rogers v. Johnson-Norman, 466 F.Supp.2d 162 (D.D.C. 2006)(citing Lindsey v. United States, 448 F.Supp.2d 37, 44 (D.D.C. 2006).  A complaint must be dismissed for failure to state a claim when it is clear that no relief could be granted under any set of facts that could be proved consistent with the complaint's allegations.  *Id*.

In the Memorandum in Support of their Motion to Dismiss, Defendants set forth select excerpts from Judge Lopez's Memorandum Order in the Probate Matter in their efforts to show, *inter alia*, that the issue of whether an agreement for an Inter Vivos Transfer of the Property was litigated in the Probate Matter.  However, except ¶ 28 as discussed below, in none of the excerpts does Judge Lopez make any findings of any agreement other than a contract to make a will.  The findings of fact and conclusions of law in the Memorandum Order address whether a contract to make a will existed, not whether there was an agreement for an Inter Vivos Transfer. The only mention in the Memorandum Order about an agreement for an Inter Vivos Transfer is in Paragraph 28:

¶ 28 "Mario testified to having filed an affidavit stating that in 1992 he entered into a "verbal agreement" with Mrs. Corsetti.  He said that in 1992, he and his grandmother had a series of conversations about his grandmother not wanting to be alone, and about the fact that [sic] that there was no one to maintain her house.  He told his grandmother that if he were going to put in so much work into a house, he would rather that the efforts went into his own house.  So they

talked about his purchasing Mrs. Corsetti's house for $200,000 over ten years, and that he would put work into the house. **The purchase did not take place because they learned from attorney Christopher that they would have a lower tax liability if Mario were to get the house by bequest and take the property at a stepped-up basis.** When asked about a meeting discussing Mrs. Corsetti's 1993 will that bequeathed her house to others, Mario said that he deliberately left that meeting because he did not want to be part of it; as Mario explained, that was because in 1993 he and his grandmother were still discussing the details of their agreement." (Emphasis added).

     Mr. Segreti has properly stated claims against the Defendants in this matter. Defendants' entire Motion to Dismiss relies on their argument that whether Mr. Segreti had an agreement with Mrs. Corsetti for Mrs. Segreti to transfer title of the Property through an Inter Vivos Transfer was litigated and decided in the Probate Matter; it was not.

     **B.    Mr. Segreti's Claims Are Not Barred By Collateral Estoppel Because The Issues In This Matter Were Not Litigated In The Probate Matter.**

     Mr. Segreti brought this case in this Court based on diversity jurisdiction. In a diversity action in federal court, the Court must apply state substantive law. Bryson v. Gere, 268 F. Supp.2d 46, 54 (D.D.C. 2003)(citing Erie Ry. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Whether collateral estoppel is procedural or substantive law is unclear and may be considered either procedural of substantive depending upon its effect in each case. Id. citing Guarantee Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed 2079 (1945). However, the Court need not address this issue here because the District of Columbia law of collateral estoppel is substantially similar to the rules of federal courts and there whether collateral estoppel is procedural or substantive would not affect its application. Id.

In their Motion citing Pharmaceutical Care Management Ass'n v. District of Columbia, 2007 WL 666319 (D.D.C. 2007), Defendants applied the federal standard that collateral estoppel precludes a party from litigating if: 1) the same issue was contested by the parties and submitted for judicial determination n a prior case; 2) the issue was actually and necessarily determined by a court of competent jurisdiction in a prior case; and 3) preclusion in the second case would not work a basic unfairness on the party bound by the decision in the first case. The standard under District of Columbia law is that collateral estoppel precludes relitigation of an (1) identical issue (2) that was fairly and fully litigated and (3) determined by a valid judgment on the merits (4) in which the issue was essential. Bryson v. Gere, 268 F. Supp.2d 46 at 57. However, as discussed above, the standards are substantially similar.

The burden of showing that a party is collaterally estopped from litigating an issue is on the party claiming collateral estoppel. Connors v. Tanoma Mining Company, Inc., 953 F.2d 682, 684 (C.A.D.C 1992). Defendants have the clear burden of showing that Mr. Segreti is collaterally estopped from litigating the issues in this matter. If it is uncertain whether the issue was actually and necessarily decided in the prior litigation, then relitigation of the issue is not precluded. Id.

**1. The Issues Necessary for Mr. Segreti to Prove His Case Against Defendants Are Not Identical Or Even Similar Issues.**

Collateral estoppel is applicable when the issues are sufficiently similar and material to justify imposition of the doctrine. Bryson v. Gere, 268 F. Supp.2d 46 at 57 ("The most difficult question in this analysis is whether the issues which are now asserted by plaintiffs are substantially similar to those issues which were adjudicated and decided in the prior matter.") The issues asserted by Mr. Segreti in this matter are not substantially similar to those of the Probate

7

Matter.

To determine whether the issues are identical to issues already adjudicated, the Court must "look beyond the labels of the claims [...] and examine the single, certain, material [points] arising out of the allegations and contentions of the parties." Rogers v. Johnson-Norman, 466 F.Supp.2d 162, 169 (D.D.C. 2006)(citing Bryson v. Gere, 268 F.Supp. at 57). Where the basic facts underlying the new claims are indistinguishable from the facts at issue in the prior adjudication[s], the new claims are properly precluded. Id. Mr. Segreti's claims against Defendants Christopher, et al., are separate and distinct from the issues in the Probate matter.

Defendants would have this Court believe that whether a contract to make a will existed or not is the basis of Mr. Segreti's claims herein and that the judgment in the Probate Matter is therefore dispositive of this matter. This contention is flawed because Mr. Segreti's claims in this matter are based on the separate and distinct allegations that Mrs. Corsetti agreed to an Inter Vivos Transfer of title of the Property to Mr. Segreti in the early 1990's, that Mr. Segreti and Mrs. Corsetti jointly sought Defendant Christopher's legal services to effectuate the Inter Vivos Transfer, and that Defendant Christopher derailed that plan when he advised his clients to wait until Mrs. Corsetti's death to transfer the Property to Mr. Segreti without properly advising Mr. Segreti of the risks of taking this advice.

Collateral estoppel seeks to conserve judicial resources, protect citizens from multiple lawsuits, and reduce the likelihood of inconsistent verdicts. Id. at 54. In this matter, there is no risk of inconsistent verdicts because the Probate Matter verdict was limited in scope as to whether Mr. Segreti and Mrs. Corsetti had a contract to make a will. The issues in this matter do not turn on whether a contract to make a will existed; the issues in this matter are whether Mrs. Corsetti was willing and agreed to transfer the property through a Inter Vivos Transfer to Mr. Segreti and

the advice and lack thereof given by Defendant Christopher to Mr. Segreti related to a testamentary transfer and the risks this advice imposed on Mr. Segreti.

The judgment in the Probate Matter is not dispositive of Mr. Segreti's claims in this matter. It merely determined that Mr. Segreti did not have a contract to make a will, not whether Mrs. Corsetti ever agreed or was willing to transfer the Property to him or whether Defendant Christopher's counsel and advice to Mr. Segreti was negligent. But for Defendant Christopher's advice to not effectuate an Inter Vivos Transfer and his failure to properly advise Mr. Segreti about the risks of planning a future transfer by testamentary devise, Mrs. Corsetti would have transferred the Property to Mr. Segreti in the early 1990's and no agreement or contract to make a will would have been later needed to effectuate the transfer upon Mrs. Corsetti's death. Alternatively, Mr. Segreti would have protected himself against Mrs. Corsetti's ability to change her mind by obtaining a binding contract to make a will at a time Mrs. Corsetti was disposed to doing so.

The negligence claims made here by Mr. Segreti against the Defendants are as follows:

1. In the early 1990's, Plaintiff and Mrs Corsetti jointly sought legal assistance from Defendant Christopher to effectuate an inter vivos transfer of title of the Property from Mrs. Corsetti to the Plaintiff .

2. Defendant Christopher advised Plaintiff and Mrs. Corsetti not to make the Inter Vivos Transfer during the lifetime of Mrs. Corsetti, but rather to arrange for the transfer to take place through Mrs. Corsetti's estate upon her death. A part of the Initial Advice, Defendant Christopher counseled Plaintiff and Mrs. Corsetti that by transferring title of the Property to Plaintiff through her estate rather than by an immediate Inter Vivos Transfer, Plaintiff would receive a more favorable tax treatment upon Mrs. Corsetti's death, e.g., a stepped-up cost basis in the Property

for taxation purposes.

      3. Relying solely upon the advice of Defendant Christopher, Plaintiff and Mrs. Corsetti decided to effectuate the transfer of title to the Property through Mrs. Corsetti's estate upon her death and to forego the Inter Vivos Transfer from Mrs. Corsetti to Plaintiff.

      4.  At no time did Defendant Christopher advise Plaintiff that (i) unlike the proposed immediate Inter Vivos Transfer to Plaintiff, transferring title of the Property to Plaintiff through ordinary testamentary devise would not be binding on Mrs. Corsetti, as it was revocable by Mrs. Corsetti and (ii) that  without a written and enforceable contract to make a will, Plaintiff's [sic] expectancy of becoming the sole devisee of the Property under Mrs. Corsetti's will was not legally protected.  As a proximate result of these negligent actions and omissions of the Defendants Christopher and H, S, & C, Plaintiff lost the valuable and unique opportunity to obtain the Property by means of the Inter Vivos Transfer, or by testamentary devise.

      Defendants contend that Mr. Segreti already litigated the issue of whether Mrs. Corsetti ever agreed to transfer the Property to Mr. Segreti in the Probate Matter.  That is not correct.  Mr. Segreti litigated only the narrow issue of whether Mrs. Corsetti ever entered into a contract to make a will with Mr. Segreti providing for the transfer of the Property to Mr. Segreti upon the death of Mrs. Corsetti.  Whether Mrs. Corsetti *ever* agreed to any transfer of the Property to Mr. Segreti, including an Inter Vivos Transfer, was not before the Probate Court and was not litigated in that proceeding.

      **2.**     **The Issues in This Matter Were Not Decided By The Probate Court**

      Mr. Segreti does not deny that D.C. Superior Court is a Court of competent jurisdiction. However, as discussed herein above and below, the issues in this matter were neither before nor decided in the Probate Matter.  Defendants contend that Mr. Segreti had a full and fair

opportunity to litigate whether Mrs. Corsetti ever had an agreement to transfer the Property to him in the Probate Matter. This is not true. Simply put, whether Mrs. Corsetti *ever* agreed to transfer the Property to Mr. Segreti was not before the Probate Court and was not litigated in that proceeding. Similarly, Defendant Christopher's advice or lack thereof related to a transfer of the Property was not before the Probate Court and was not litigated in that proceeding.

      **3.    It Would Be Patently Unfair To Bar Mr. Segreti From Litigating Issues Which Were Neither Before The Probate Court Nor Fairly and Fully Litigated In That Matter.**

The interests advanced by collateral estoppel must be balanced against the important interest of permitting plaintiffs to present their cases. *Id*. Mr. Segreti has valid claims against the Defendants which are distinct from any issue in the Probate Matter. Precluding Mr. Segreti from advancing his claims in this matter based on the narrow issue of contract to make a will which was before and decided by the probate court would be fundamentally unfair to Mr. Segreti because the claims asserted in this case were not before the Probate court.

Mr. Segreti had no incentive in the Probate Matter to litigate the issue of Mrs. Corsetti's willingness to effectuate an Inter Vivos Transfer the Property in the early 1990's to Mr. Segreti or the issue of Defendant Christopher's negligence related to his counsel in this regard. See Venetian Casino Resort, LLC, v. National Labor Relations Board, 2007 WL 1320498 (D.D.C. 2007) (Preclusion in the second case must not work a basic unfairness to the party bound by the first determination. An example of such unfairness would be when the losing party clearly lacked any incentive to litigate the point in the first trial, but the stakes of the second trial are of vastly a greater magnitude.) Mr. Segreti had no incentive to litigate whether he and Mrs. Corsetti had an agreement for an Inter Vivos Transfer of title to the property prior to seeking advice from Defendant Christopher; such a finding would have no bearing on whether a contract to make a

will existed.  None of these issues were before the Probate court and none of these issues have any bearing whatsoever of whether Mr. Segreti and Mrs. Corsetti entered into a contract to make a will.

### B. Mr. Segreti's Claims for Legal Malpractice and Breach of Fiduciary Duty Are Not Barred By Defendant's Claim of Collateral Estoppel

In order to maintain an action for legal malpractice, the plaintiff must prove (1) there is an attorney-client relationship; (2) that the attorney neglected a reasonable duty; and (3) that the attorney's negligence resulted in and was the proximate cause of loss to the client.  Chase v. Gilbert, 499 A.2d 1203, 1211 (D.C. 1985).  Defendants contend that Mr. Segreti cannot meet the elements of proving a claim of legal malpractice against the Defendants because he is barred by collateral estoppel.  Mainly they claim that the alleged bar precludes him from satisfying the second and third elements of a claim for legal malpractice.  Additionally, they argue that the claim for breach of  fiduciary duty fails for the same reason of collateral estoppel.

The basis for Defendants' contention that Mr. Segreti is collateral estopped is premised on their factually incorrect assertion that the Probate Matter found that Mrs. Corsetti never agreed to transfer the Property to him. As discussed above, that is not what the Probate court found; the ruling in the Probate court was that there was no contract to make a will.  The Probate Court did not consider and therefore did not rule as to whether Mrs. Corsetti agreed or was willing to an Inter Vivos Transfer of the Property to Mr. Segreti.  Defendants' contention that because there was such no agreement under their collateral estoppel theory and therefore no duty on Defendant Christopher to properly advise Mr. Segreti as to any agreement, the second element cannot be met.  Defendants further contend that there can be no causal connection between any alleged duty and the alleged damage to Mr. Segreti because of Defendants' mistaken reliance on collateral

12

estoppel.

The gravamen of Mr. Segreti's complaint against Defendants is not that he did not obtain title to the Property upon Mrs. Corsetti's death as alleged by Defendants, but rather that i) Mrs. Corsetti agreed and was willing to make an Inter Vivos Transfer of the Property to Mr. Segreti; (ii) that Defendant Christopher, as their joint counsel, advised them not transfer the property at that time but rather to transfer the Property to Mr. Segreti through testamentary devise because Mr. Segreti would receive favorable tax treatment, and (iii) that but for this advice and Defendant Christopher's failure to advise Mr. Segreti about the risks of relying on a contemplated future transfer of the Property by testamentary devise without a binding agreement from Mrs. Corsetti to do so, Mr. Segreti would not have foregone the Inter-Vivos Transfer or would have protected himself by contract to preclude Mrs. Corsetti's ability to change her mind as to the testamentary devise.  Given that Mr. Segreti is not collaterally estopped from maintaining the claims in his second amended complaint, Mr. Segreti has properly pleaded and can maintain this action for legal malpractice.  He has pleaded an attorney-client relationship, that Defendants owed a duty to him that was breached, and that there is a causal connection between the breach and the damages to him.  Additionally, he has properly pleaded a claim of breach of fiduciary duty including that the Defendants owed him fiduciaries duties, those duties were breached, and the he has suffered damages as a result.  See Compl. ¶¶60 – 64.  Mr. Segreti is not precluded by collateral estoppel from maintaining this claim.

Mr. Segreti has properly pleaded that he and Mrs. Corsetti went jointly to Defendant Christopher to effectuate an Inter Vivos Transfer but that plan was derailed based on Defendant Christopher's advice to wait and transfer the Property through testamentary devise.  Defendants' argument that Defendant Christopher's negligence is not the proximate cause of Mr. Segreti's

13

damages because he would need to show the other party agreed is without merit for this motion; whether Mrs. Corsetti agreed or not is for the trier of fact to determine as is the credibility of any witness. Mr. Segreti properly pleaded that both he and Mrs. Segreti went to Defendant Christopher jointly to effectuate an Inter Vivos Transfer. At that time, Mrs. Corsetti was willing to make an Inter Vivos Transfer of the property to him. But for Defendant Christopher's negligence, Mr. Segreti would have gained title to the Property. Collateral estoppel does not apply for the reasons set forth above.

Mr. Segreti's alternative claim that he was the third–party beneficiary of the legal representation of Mrs. Corsetti by Defendants Christopher and Herge, Sparks, and Christopher is not limited to Mr. Segreti's status as a beneficiary of her will. In the event, the Court determined that Mr. Segreti was not a client of Defendants Christopher and Herge, Sparks, and Christopher in seeking joint legal advice for the Inter Vivos Transfer of title to the Property, it is Mr. Segreti's position that he was the intended third-party beneficiary of the legal services provided to Mrs. Corsetti and as such has standing to sue for negligence. See <u>Berk v. Sherman, *et al.*,</u> 682 A.2d 209, 220 FN 2 (D.C. 1996), citing <u>Flaherty v. Weinberg</u>, 303 Md. 116, 492 A.2d 618 (Md. 1985) ("In our view, the scope and duty concept in negligence may be analogized to the **third-party beneficiary** concept in the context of attorney **malpractice** cases. Thus, to establish a duty owed by the attorney to the nonclient, the latter must allege and prove that the intent of the client to benefit the nonclient was a direct purpose of the transaction or relationship.")

The exception to the privity requirement in a malpractice action is not limited to the context of an intended beneficiary of a will as argued by Defendants; it applies to any third-party beneficiary of an attorney-client relationship. Mr. Segreti has properly pleaded the alternative claim that he was the third-party beneficiary of Mrs. Corsetti's legal relationship and

representation by Defendants Christopher and Herge, Sparks, and Christopher for the purpose of effectuating the Inter Vivos Transfer.

### C. Mr. Christopher Has Properly Stated A Cause of Action Against Vaughan, Fincher & Sotelo, P.C.

Defendants argue that Mr. Segreti did not properly state a claim against Defendant Vaughan, Fincher, and Sotelo, P.C ("V, F, & S") because he did not allege that Mr. Christopher was acting within the scope of his employment for V, F, & S. However, Mr. Segreti clearly makes such an allegation. See Complaint, ¶11 ("Defendant Christopher was a partner at Defendant V, F, & S, from on or about January 1, 2005 through at least August 31, 2005. At all times relevant to this action, and while a partner a Defendant V, F, & S, Defendant Christopher **acted within the scope and course of his employment/agency on behalf of V, F, & S.**") (Emphasis added). Mr. Segreti has properly stated a claim against Defendant Vaughan, Fincher, & Sotelo.

### IV. An Order to Stay This Matter Would Be The More Appropriate Relief If The Court Was Inclined to Accept Defendant's Arguments of Collateral Estoppel

In the event this Court is inclined to grant Defendants' Motion to Dismiss due to collateral estoppel based on the judgment in the Probate Matter, Mr. Segreti respectfully requests that this Court enter a stay of this matter in lieu of dismissal pending the outcome of Mr. Segreti's appeal of the judgment in the Probate Matter. If this matter is dismissed and Mr. Segreti were to prevail on his appeal of the Probate Matter overturning the judgment, Mr. Segreti would not be collaterally estopped from litigating these issues. However, Mr. Segreti would be foreclosed from refiling this action because the statute of limitations will have run. Having this matter dismissed with no means of recourse due to collateral estoppel of a judgment pending appeal would be prejudicially unfair to Mr. Segreti. Therefore a stay would be the more appropriate relief.

WHEREFORE, for the foregoing reason, Plaintiff Mario J. Segreti respectfully requests that this Court deny Defendants' Motion to Dismiss or in the alternative, if the Court were inclined to grant Defendants' Motion, enter a stay of this matter pending resolution of the appeal of the Probate Matter, and for any other such relief as this Court deems just and proper.

Dated: August 27, 2007

RESPECTFULLY SUBMITTED,

/s/ Ashley E. Wiggins
_____
Ashley E. Wiggins, D.C. Bar No. 481557
Mark G. Griffin, D.C. Bar No. 198978
Griffin & Murphy, LLP
1912 Sunderland Place NW
Washington, DC 20036
(202) 429-9000
(202) 232-7365 Facsimile
*Counsel for the Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of August 2007, a true and exact copy of the foregoing Opposition was served by ECF upon:

J. Jonathan Schraub, Esquire
George O. Peterson, Esquire
SANDS ANDERSON MARKS & MILLER
1497 Chain Bridge Road
Suite 202
McLean, Virginia 22101

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIO J. SEGRETI,** | ) |
| Plaintiff, | ) CASE NO. <u>1:07-cv-00287-RBW</u> |
| | ) |
| vs. | ) |
| | ) |
| **A. MARK CHRISTOPHER, et al.** | ) |
| Defendant. | ) |

_____

**<u>ORDER</u>**

UPON CONSIDERATION of Defendants' Motion to Dismiss Second Amended Complaint, and Plaintiff's opposition thereto, it is this ___ day of _____, 2007,

ORDERED that the Motion to Dismiss is denied.

_____
Judge Reggie B. Walton,
United States District Court for the
District of Columbia