UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIO J. SEGRETI<br>    Plaintiff | )<br>)<br>) |
| v. | )   Case No. 1:07-cv-00287-RBW<br>) |
| A. MARK CHRISTOPHER, et al. | )<br>) |

## ANSWER

Defendants A. Mark Christopher, Herge, Sparks & Christopher, LLP, Vaughan, Fincher & Sotelo, P.C., and J. Curtis Herge (hereafter collectively as "Defendants), by counsel, file this Answer to the Second Amended Complaint ("SAC") and state as follows:

1. Defendants deny the allegations in ¶ 1 of the SAC.

2. Paragraph 2 of the SAC contains a statement as to this Court's jurisdiction to which no response is necessary.

3. Defendants admit that the allegations in the SAC sufficiently establish venue over the Defendants, but deny that their alleged acts or omissions create a cause of action in favor of Plaintiff Mario J. Segreti ("Segreti") as alleged in ¶ 3 of the SAC.

4. Defendants deny the allegations in ¶ 4 of the SAC.

5. Defendants admit the allegations in ¶ 5 of the SAC.

6. Defendants admit the allegations in ¶ 6 of the SAC.

7. Defendants admit the allegations in ¶ 7 of the SAC.

8. Defendants admit the allegations in ¶ 8 of the SAC, except that Herge, Sparks, & Christopher, LLP is no longer in existence.

9. Defendants admit the allegations in ¶ 9 of the SAC.

10. Defendants admit that Defendant Mark A. Christopher was an associate and partner at Defendant Herge, Sparks and Christopher, LLP, but deny the remaining allegations in ¶ 10 of the SAC.

11. Defendants admit that Defendant Mark A. Christopher was a partner at Defendant Vaughan, Fincher & Sotelo, P.C., but deny the remaining allegations in ¶ 11 of the SAC.

12. Defendants admit the allegations in ¶ 12 of the SAC, but deny the relevance of the allegation.

13. Defendants admit the allegations in ¶ 13 of the SAC.

14. Defendants admit the allegations in ¶ 14 of the SAC.

15. Defendants admit the allegations in ¶ 15 of the SAC, except that upon information and belief, Segreti was domiciled elsewhere during the relevant period of time.

16. Defendants deny the allegations in ¶ 16 of the SAC, but admit that Marguerite Corsetti ("Mrs. Corsetti") sought Defendant Mark A. Christopher's advice with respect to the disposition of her property located at 5113 Western Avenue, NW, Washington, D.C. 20016 ("Property"). Defendants further deny that they ever represented Segreti.

17. Defendants admit that Defendant Mark A. Christopher advised Mrs. Corsetti not to make an inter vivos transfer of her Property, but deny the remaining allegations contained in ¶ 17 of the SAC.

18. Defendants deny the allegations in ¶ 18 of the SAC.

19. Defendants deny the allegations in ¶ 19 of the SAC.

20. Defendants deny the allegations in ¶ 20 of the SAC.

21. Defendants deny the allegations in ¶ 21 of the SAC.

22. Defendants deny the allegations in ¶ 22 of the SAC, and further aver that Defendant Mark A. Christopher had no duty to advise Segreti.

23. Defendants deny the allegations in ¶ 23 of the SAC.

24. Defendants admit that Mrs. Corsetti's 1997 Will and 1997 Trust left the Property to Segreti, but deny the remaining allegations contained in ¶ 24 of the SAC.

25. Defendants admit the allegations in ¶ 25 of the SAC.

26. Defendants deny the allegations in ¶ 26 of the SAC.

27. Defendants admit that Mrs. Corsetti wanted a new Will and Trust drafted and that Defendant Curtis Herge drafted the Will and Trust. Defendant deny the remaining allegations in ¶ 27 of the SAC.

28. Defendants admit the allegations in ¶ 28 of the SAC, except to the extent the term "procured" suggests or implies that Defendant Mark A. Christopher influenced Mrs. Corsetti in any respect.

29. Defendants deny the allegations in ¶ 29 of the SAC, but admit that Mrs. Corsetti's 2004 Will and Trust left the Property to her three daughters.

30. Defendants admit the allegations in ¶ 30 of the SAC, but deny that they had any duty to advise or consult Segreti and that to do so would have been a breach of duties owed to Mrs. Corsetti.

31. Defendants admit the allegations in ¶ 31 of the SAC, but deny that they had any duty to seek Segreti's consent and that to do so would have been a breach of duties owed to Mrs. Corsetti.

32. Defendants deny the allegations in ¶ 32 of the SAC.

33. Defendants admit the allegations in ¶ 33 of the SAC.

34. Defendants deny the allegations in ¶ 34 of the SAC.

35. Defendants deny the allegations in ¶ 35 of the SAC, but admit that the Trustees named in Mrs. Corsetti's Trust identified Defendant Mark A. Christopher as an expert witness.

36. Defendants deny the allegations in ¶ 36 of the SAC, except that Defendant Mark A. Christopher was called as a witness in a preliminary injunction hearing filed by Segreti and provided factual testimony about his interactions with Mrs. Corsetti and advised the Court on certain legal issues.

37. Defendants deny the allegations in ¶ 37 of the SAC, except that Defendant Mark A. Christopher was called as a witness in the Probate case filed by Segreti and provided factual testimony about his interactions with Mrs. Corsetti and advised the Court on certain legal issues.

38. Defendants deny the allegations in ¶ 38 of the SAC, and further aver that a complete review of Defendant Mark A. Christopher's lengthy deposition testimony reveals that he was not retained as an expert witness.

39. Defendants deny the allegations in ¶ 39 of the SAC.

40. Defendants deny the allegations in ¶ 40 of the SAC.

41. Defendants deny the allegations in ¶ 41 of the SAC.

42. Defendants deny the allegations in ¶ 42 of the SAC.

43. Defendants deny the reincorporated allegations contained in ¶ 43 of the SAC, unless such allegations were expressly admitted.

44. Defendants deny the allegations in ¶ 44 of the SAC.

45. Defendants deny the allegations in ¶ 45 of the SAC.

46. Defendants deny the allegations in ¶ 46 of the SAC.

47. Defendants deny the allegations in ¶ 47 of the SAC.

48. Defendants deny the allegations in ¶ 48 of the SAC.

49. Defendants deny the allegations in ¶ 49 of the SAC.

50. Defendants deny the allegations in ¶ 50 of the SAC.

51. Defendants deny the reincorporated allegations contained in ¶ 51 of the SAC, unless such allegations were expressly admitted.

52. Defendants deny the allegations in ¶ 52 of the SAC.

53. Defendants deny the allegations in ¶ 53 of the SAC.

54. Defendants deny the allegations in ¶ 54 of the SAC.

55. Defendants deny the allegations in ¶ 55 of the SAC.

56. Defendants deny the allegations in ¶ 56 of the SAC.

57. Defendants deny the allegations in ¶ 57 of the SAC.

58. Defendants deny the allegations in ¶ 58 of the SAC.

59. Defendants deny the allegations in ¶ 59 of the SAC.

60. Defendants deny the allegations the reincorporated allegations contained in ¶ 60 of the SAC, unless such allegations were expressly admitted.

61. Defendants deny the allegations in ¶ 61 of the SAC.

62. Defendants deny the allegations in ¶ 62 of the SAC.

63. Defendants deny the allegations in ¶ 63 of the SAC.

64. Defendants deny the allegations in ¶ 64 of the SAC.

65. Defendants deny that they owed Segreti any legal duty or other duty whatsoever.

66. Defendants deny that Segreti was injured and damaged as alleged, and calls upon Segreti for strict proof of each and every item of alleged injury and damage.

67. Defendants deny any and all allegations contained in the SAC that they have not expressly admitted above.

## **AFFIRMATIVE DEFENSES**

1. The allegations in the SAC fail to state a claim upon which relief can be granted.

2. The claims asserted against Defendants in the SAC, on present information and belief, are barred and precluded, in whole or in part, by the applicable statute of limitations and/or laches.

3. Segreti's claims are barred by lack of privity between Segreti and Defendants and he does not fit within any exception to this requirement under the law of the District of Columbia.

4. The claims asserted against Defendants in the SAC are barred and precluded, in whole or in part, by the absence of any duty on the part of Defendants for the matters alleged in the SAC.

5. Defendants did not breach any applicable standard of care.

6. Defendants deny liability and further state that they did not commit the wrongs alleged in the SAC.

## RESERVATION

Defendants reserve the right to amend their Answer and Affirmative Defenses to add additional grounds as they may deem appropriate and/or as they may later become advised.

## JURY DEMAND

Trial by jury is demanded.

## PRAYER

WHEREFORE, and by reason of the foregoing, Defendants pray that the action and claims asserted against them in the SAC be dismissed, with prejudice, and that they be awarded their costs and expenses incurred herein.

Dated: March 10, 2008                    Respectfully submitted,

SANDS ANDERSON MARKS & MILLER
A Professional Corporation


/s/ George O. Peterson
_____
J. Jonathan Schraub    (DC Bar No. 950816)
George O. Peterson     (DC Bar No. 478050)

1497 Chain Bridge Road
Suite 202
McLean, Virginia  22101
(703) 893-3600
(703) 893-8484 (facsimile)
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of March, 2008, a true and correct copy of the foregoing Defendants A. Mark Christopher, Herge, Sparks & Christopher, LLP, Vaughan, Fincher & Sotelo, P.C., and J. Curtis Herge's Answer was served, by ECF upon:

>Ashley E. Wiggins, Esquire
>Griffin & Murphy, LLP
>1912 Sunderland Place, N.W.
>Washington, D.C. 20036
>*Co-Counsel for Plaintiff*

/s/ George O. Peterson
_____
George O. Peterson