UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARIO J. SEGRETI** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:07-cv-00287-RBW** |
| | ) | |
| **A. MARK CHRISTOPHER, et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

## JOINT MOTION TO STAY

Plaintiff Mario J. Segreti (hereafter "Plaintiff") and Defendants A. Mark Christopher,

Herge, Sparks & Christopher, LLP, Vaughan, Fincher & Sotelo, P.C., and J. Curtis Herge

(hereafter collectively as "Defendants"), by their respective counsel, file this Joint Motion to

Stay for the reasons set forth in the accompanying Memorandum.

Dated: March 21, 2008                 Respectfully submitted,

                                      SANDS ANDERSON MARKS & MILLER
                                      A Professional Corporation


                                      /s/ George O. Peterson
                                      _____
                                      J. Jonathan Schraub    (DC Bar No. 950816)
                                      George O. Peterson    (DC Bar No. 478050)

                                      1497 Chain Bridge Road
                                      Suite 202
                                      McLean, Virginia  22101
                                      (703) 893-3600
                                      (703) 893-8484 (facsimile)
                                      *Counsel for Defendants*

GRIFFIN & MURPHY, LLP


/s/ Ashley E. Wiggins
_____

Ashley E. Wiggins    (DC Bar No. 481557)
Mark G. Griffin      (DC Bar No. 198978)

1912 Sunderland Place, N.W.
Washington, D.C. 20036
(202) 429-9000
(202) 232-7365 (facsimile)
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of March, 2008, a true and correct copy of the

foregoing Joint Motion to Stay was served, by ECF upon:

> Ashley E. Wiggins, Esquire
> Griffin & Murphy, LLP
> 1912 Sunderland Place, N.W.
> Washington, D.C. 20036
> *Counsel for Plaintiff*


/s/ George O. Peterson

_____

George O. Peterson

3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARIO J. SEGRETI** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:07-cv-00287-RBW** |
| | ) | |
| **A. MARK CHRISTOPHER, et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

## MEMORANDUM IN SUPPORT OF JOINT MOTION TO STAY

Plaintiff Mario J. Segreti (hereafter "Plaintiff") and Defendants A. Mark Christopher, Herge, Sparks & Christopher, LLP, Vaughan, Fincher & Sotelo, P.C., and J. Curtis Herge (hereafter collectively as "Defendants"), by their respective counsel, file this memorandum in support of their Joint Motion to Stay and state as follows:

### I.    INTRODUCTION

Plaintiff brought this legal malpractice and breach of fiduciary duty case against Defendants related to an alleged attorney-client relationship or status as a third-party beneficiary of the legal services that Defendants Mark A. Christopher, J. Curtis Herge and Herge, Sparks & Christopher, LLP provided to Plaintiff's grandmother, Marguerite Corsetti ("Mrs. Corsetti"). Plaintiff alleges the Defendant Mark A. Christopher was a partner and acting within the scope of his employment/agency of Defendant Vaughan, Fincher & Sotelo, P.C. when he allegedly breached his fiduciary duties to Plaintiff by acting as an expert witness on behalf of parties adverse to Plaintiff in two other matters. See Mario J. Segreti v. Luke DeIuliis, D.C. Superior Court, Probate Division, Adm. No. 652-04 ("Probate Matter") and Segreti v. DeIuliis, D.C. Superior Court, Civil Division, Civil Action No. 2004 ca 004255.

In essence, Plaintiff alleges that Mrs. Corsetti and he jointly sought Defendant Mark A. Christopher's advice in the early 1990s to effectuate an agreement to transfer Mrs. Corsetti's

home located at 5113 Western Avenue, N.W., Washington, D.C. ("Property").   Plaintiff alleges

that Defendant Mark A. Christopher advised that the transfer should be accomplished by

testamentary devise in order to take advantage of favorable tax treatment.

In 1997 Mrs. Corsetti executed estate planning documents leaving the Property to

Plaintiff.  In 2004, just before she passed away, Defendant Mark A. Christopher, Defendant J.

Curtis Herge, and Defendant Herge, Sparks & Christopher drafted and participated in the

execution of new estate planning documents which provided that the Property would become

part of the residuary of a Trust which ultimately was to be left to Mrs. Corsetti's three daughters

in equal shares.  As a consequence, Plaintiff alleges, inter alia, that he was damaged when he did

not receive the Property upon Mrs. Corsetti's death.

In 2004, prior to the present litigation, Plaintiff initiated the Probate Matter challenging

Mrs. Corsetti's 2004 estate planning documents.  The Honorable Jose M. Lopez heard evidence

on the matter and ruled against Plaintiff.  See Memorandum Order from Probate Matter dated

October 16, 2006, attached as Exhibit 1 to the Memorandum in Support of the Motion to Dismiss

the Second Amended Complaint.

Plaintiff has appealed the decision in the Probate Matter and submitted his appellant's

brief on or about February 18, 2008.  The appellee's brief in the Probate Matter is due shortly.  If

Plaintiff is successful on appeal, or on remand, in the Probate Matter, then the alleged damages

in this case would be significantly reduced.  Alternatively, Defendants have suggested that if the

appeal of the Probate Matter is pending, or the Probate Matter is sent back on remand, when the

present case goes to trial, then Defendants would likely move for a directed verdict on a failure

to show proximate causation for damages as there is no final resolution on the disposition of the

Property.

2

The parties, through their respective counsel, jointly believe that it is in their best interests and in the interests of judicial economy to stay the present case pending the resolution of the Probate Matter on appeal or otherwise to conserve resources. The parties are equally cognizant of the burden on judicial resources of having this case proceed in light of the lack of finality over the disposition of the Property which forms a significant portion of Plaintiff's claim for damages in the present case.

## II.    ARGUMENT

This Court has inherent powers to stay a case.    Feld Entertainment, Inc. v. A.S.P.C.A., 2007 WL 3285836, *1 (D.D.C. 2007), citing Dellinger v. Mitchell, 442 F.2d 782, 786 (D.C.Cir.1971) ("A court has inherent power to stay proceedings in control of its docket, after balancing the competing interests."). That power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); see also Hisler v. Gallaudet University, 344 F.Supp.2d 29, 35 (D.D.C.2004)("The trial court has broad discretion to stay all proceedings in an action pending resolution of independent proceedings elsewhere.").

The only limitation on the Court's discretion in staying a case is consideration of the "nature and substantiality of the injustices" to an opposing party that would be harmed. Gordon v. Fed. Deposit Ins. Corp., 427 F.2d 578, 580 (D.C.Cir.1980). There, however, is no claimed injustice by the parties given that the Motion to Stay is jointly made.

The parties believe that the Court should stay this matter pending the resolution of the Probate Matter on appeal or on remand. To require this case to go forward would cause the parties to engage in costly litigation which could be significantly resolved by the appeal of the Probate Matter. This Court would also benefit through a conservation of judicial resources.

3

## III.    CONCLUSION

WHEREFORE, for the foregoing reasons, the Plaintiff and Defendants, through their respective counsel, jointly move this Court to enter a stay of this case pending a resolution of the Probate Matter.

Dated: March 21, 2008

Respectfully submitted,

SANDS ANDERSON MARKS & MILLER
A Professional Corporation

/s/ George O. Peterson
_____
J. Jonathan Schraub    (DC Bar No. 950816)
George O. Peterson    (DC Bar No. 478050)

1497 Chain Bridge Road
Suite 202
McLean, Virginia  22101
(703) 893-3600
(703) 893-8484 (facsimile)
*Counsel for Defendants*

GRIFFIN & MURPHY, LLP

/s/ Ashley E. Wiggins
_____
Ashley E. Wiggins    (DC Bar No. 481557)
Mark G. Griffin    (DC Bar No. 198978)

1912 Sunderland Place, N.W.
Washington, D.C. 20036
(202) 429-9000
(202) 232-7365 (facsimile)
*Counsel for Plaintiff*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of March, 2008, a true and correct copy of the

foregoing Memorandum in Support of Joint Motion to Stay was served, by ECF upon:

> Ashley E. Wiggins, Esquire
> Griffin & Murphy, LLP
> 1912 Sunderland Place, N.W.
> Washington, D.C. 20036
> *Counsel for Plaintiff*

/s/ George O. Peterson

_____

George O. Peterson

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARIO J. SEGRETI**<br>    **Plaintiff** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:07-cv-00287-RBW** |
| | ) | |
| **A. MARK CHRISTOPHER, et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

## <u>ORDER</u>

UPON CONSIDERATION of the Joint Motion to Stay filed by Plaintiff Mario J. Segreti

and Defendants A. Mark Christopher, Herge, Sparks & Christopher, LLP, Vaughan, Fincher &

Sotelo, P.C., and J. Curtis Herge, it is this _____ day of _____, 2008,

ORDERED that the Motion is granted and that this matter shall by stayed pending the

final disposition of the appeal or remand of <u>Mario J. Segreti v. Luke De Iuliis</u>, D.C. Superior

Court, Adm. No. 652-04.

_____

Judge Reggie B. Walton,
United States District Court for the
District of Columbia